UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ENEDEO RODRIGUEZ, JR.,

Plaintiff,

v.  CAUSE NO.: 3:18-CV-899-JD-MGG

ATF UC 3749, et al.,

Defendants.

OPINION AND ORDER

Enedeo Rodriguez, Jr., a prisoner without a lawyer, filed a complaint against fourteen defendants because he is unhappy with the manner in which federal and state officials obtained a search warrant and executed the search of his home. He alleges that his Fourth Amendment rights were violated because the search warrant was invalid, the knock and announce rule was violated, and the use of a flash-bang grenade was unreasonable. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief.

In his complaint, Rodriguez alleges that Alcohol, Tobacco, and Firearms ("ATF") Agent UC 3749 obtained a warrant to search his home by making false and misleading statements to a judicial officer. (ECF 2-1 at 3.) To obtain the search warrant, Rodriguez

asserts that, on December 12, 2015, ATF Agent UC 3749 claimed that Rodriguez drove to a Kmart store located in Peru, Indiana and parked his silver Ford Expedition next to a four-door sedan in front of the store and met with an unidentified individual. (*Id*.) ATF Agent UC 3749 then represented to the judicial officer that Rodriguez sold an ounce of methamphetamine to that unidentified individual. (*Id*. at 4-5.) However, Rodriguez states that EC-ICE Unit Officer U323 produced a police report about the same incident that states the incident occurred on December 11, 2015, and EC-ICE Unit Officer U323's report does not mention that he was ever at the Kmart store or met him with anyone at the store. (*Id*. at 3-4.) Furthermore, Rodriguez asserts that the affidavit in support of the search warrant did not contain reliable information because two confidential sources merely provided hearsay evidence to EC-ICE unit investigators, who gave that information to ATF Agent UC 3749. (*Id*. at 4.) However, Rodriguez cannot proceed against ATF Agent UC 3749 because he has not identified him by name; thus, he is an unidentified defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.")

About eleven months later, on November 2, 2016, Rodriguez alleges that, just before 6:00 a.m., the South Bend SWAT Team executed a search warrant and conducted a military style assault by forcefully entering his home without a "knock or announce" warning, violently breaking windows, and bashing in the front door. (ECF 2-1 at 5.) They then "blindly threw a flash-bang grenade" in the living room striking his upper

right arm and causing him injury. (*Id*.) Rodriguez claims these events occurred while his one-year old daughter was sleeping in the living room. (*Id*.)

Rodriguez asserts that Detective Nick McCloughen was the team leader for the search, and the day before the search, he met with the Elkhart County Sheriff's Department, the Elkhart County ICE Unit, an ICE Unit officer, and the South Bend SWAT Team to coordinate the specifics of the search of his home. (*Id*. at 5-6.) He states these officers failed to find out who was residing in his home and whether those individuals posed a threat or danger. (*Id*. at 6.) Rodriguez contends that there were no individuals with a history of violence who resided at his home. (*Id*. at 7.) He asserts that a "critical decision" was made to enter his home using excessive force which caused property damage, bodily harm, and endangered a child. (*Id*.)

When assessing whether a constitutional violation has occurred, "[t]he Fourth Amendment inquiry is one of 'objective reasonableness' under the circumstances." *See Graham v. Connor*, 490 U.S. 386, 399 (1989); *see also Wallace by Wallace v. Batavia Sch. Dist. 101*, 68 F.3d 1010, 1014–15 (7th Cir.1995) (stating that "all Fourth Amendment reasonableness inquiries must [retain] an objective perspective"). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is whether the totality of the circumstances justifies the officers' actions.

*Graham*, 490 U.S. at 396. Here, additional fact finding may demonstrate that the manner in which the search of Rodriguez's home was conducted was objectively reasonable but giving Rodriguez the inferences to which he is entitled at this state of the case, he has stated a claim against Detective Nick McCloughen. *See e.g., United States v. Morris*, 349 F.3d 1009, 1012 (7th Cir. 2003) (The Seventh Circuit has "often emphasized the dangerous nature of flash-bang devices and has cautioned that the use of such devices in close proximity to suspects may not be reasonable.")

Rodriguez also alleges that various individuals who are not identified by name committed the Fourth Amendment violations. As stated, Rodriguez alleges that ATF Agent UC 3749 provided false and misleading statements to a judicial officer; however, he cannot proceed against this unnamed defendant. He also claims that Elkhart County ICE Unit, EC-ICE Unit Officer 323, ECSD SWAT, DEA 6, and South Bend SWAT were responsible for the unreasonable search of his home and property. However, as a practical matter, Rodriguez cannot proceed against these unnamed defendants. *See Wudtke*, 128 F.3d at 1060. Furthermore, in many instances, Rodriguez has not described what these defendants did or the actions they took that he considers to be unconstitutional. Therefore, he cannot proceed against these defendants.

Rodriguez has also named the Elkhart County Sheriff's Department and the Indiana State Police as defendants. As to the Elkhart County Sheriff's Department, for Rodriguez to pursue a claim under Section 1983 against a local governmental entity, he must show that his injury was the result of that entity's official policy or practice. *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Because he has not alleged

that the Elkhart County Sheriff's Department maintains a policy or practice of conducting unreasonable searches in violation of the Fourth Amendment, he may not proceed against this defendant. To the extent Rodriguez is suing the Indiana State Police, any claim for damages is barred by the Constitution's Eleventh Amendment. The Eleventh Amendment precludes monetary claims against a State and its agencies. *Kashani v. Purdue University*, 813 F.2d. 843, 845 (7th Cir. 1987). Thus, Rodriguez cannot proceed against the Elkhart County Sheriff's Department or the Indiana State Police.

Furthermore, Rodriguez is suing ATF Agent Kyle Lerch, ATF Agent Bayne Bennett, and Indiana State Police Officer Aaron Campbell for property damage to two vehicles. (ECF 2-1 at 7.) He is also suing Detective Stutsman and Detective Randy Mockler for property damage to his business. (*Id.* at 7-8.) However, to the extent that Rodriguez is seeking compensation for property damage, he cannot proceed because state remedies are available to him to redress the destruction of property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("[the plaintiff] has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Therefore, he cannot proceed against these defendants.

As a final matter, Rodriguez has filed a motion (ECF 9) to unseal warrants and documents related to his criminal case. Specifically, he asks the court to unseal warrants for two cellular telephone numbers and also to unseal the federal search warrant of his residence located at 71395 County Road 25, New Paris, Indiana, 46553, issued in Cause Number 3:16-MJ-00055. (*Id.* at 2-3.) These requests must be brought in his criminal case. Therefore, his motion (ECF 9) will be denied.

For these reasons, the court:

(1) GRANTS Enedeo Rodriguez, Jr., leave to proceed against Detective Nick McCloughen in his individual capacity for money damages for conducting an unreasonable search of his home on November 2, 2016, in violation of the Fourth Amendment;

(2) DISMISSES ATF Agent UC 3749, Elkhart County ICE Unit, EC ICE Unit Officer 323, ATF Agent Kyle Lerch, ATF Agent Bayne Bennett, Indiana State Police Officer Aaron Campbell, Elkhart County Sheriff's Department, ECSD SWAT, Detective Stutsman, Detective Randy Mockler, DEA 6, Indiana State Police, and South Bend SWAT;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to serve process on) Detective Nick McCloughen at the Goshen Police Department with a copy of this order and the complaint (ECF 2-1), pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Detective Nick McCloughen respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1(b), only to the claim for which Enedeo Rodriguez, Jr. has been granted leave to proceed in this screening order; and

(6) DENIES Enedeo Rodriguez, Jr.'s motion to unseal warrants and documents related to his criminal case (ECF 9).

SO ORDERED on January 22, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT