UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ENEDEO RODRIGUEZ, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18-CV-899-JD-MGG |
| NICK MCCLOUGHEN, | |
| Defendant. | |

OPINION AND ORDER

Enedeo Rodriguez, Jr., a prisoner without a lawyer, filed two motions to amend his complaint. ECF 28, 30. He is currently proceeding against Nick McCloughen in his individual capacity for money damages for allegedly conducting an unreasonable search of his home on November 2, 2016, in violation of the Fourth Amendment. ECF 21. At this stage of the proceedings, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). "Reasons for finding that leave should not be granted include undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

In his motions to amend his complaint, Rodriguez first seeks to add his daughter, Rosa Rodriguez, an infant, as a plaintiff in this case. ECF 28, 30. He asserts she should

be added as a plaintiff because she was injured during the November 2, 2016, search of his home. However, Rodriguez cannot amend his complaint to add his infant daughter as a plaintiff because as a pro se litigant he may not represent the interests of his minor child. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (to protect the interests of the minor party, "a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party.")

Rodriguez next seeks to add four new defendants: South Bend SWAT Lieutenant Spadasora, ATF Agent Wayne Lessner, Elkhart Police Officer Andrew Whitmyer, and the Elkhart Police Department because they were involved in the planning, execution, and search of his home. Notably, Rodriguez's claims are subject to a two-year statute of limitations. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Here, the amended complaints pertain to the search of Rodriguez's home that took place on November 2, 2016. However, he filed the proposed amended complaints more than two years later on March 3, 2020, and April 13, 2020, respectively. ECF 28, ECF 30. Therefore, amending the complaint to add these defendants would be futile unless the claims would relate back to the original complaint.

Rule 15(c)(1)(C) "permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake." *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000). There is no indication that Rodriguez made an error with respect to the identities of Lieutenant Spadasora, ATF Agent Lessner, Elkhart Police Officer Whitmyer, or the Elkhart Police

Department or that they knew of such an error. Because Rodriguez did not assert his claims against these defendants in a timely manner and because the relation-back doctrine does not apply to these claims, amending the complaint to add them would be futile.

    For these reasons, the motions to amend (ECF 28, ECF 30) are DENIED.

    SO ORDERED on March 4, 2021

                                           s/ JON E. DEGUILIO  
                                           CHIEF JUDGE  
                                           UNITED STATES DISTRICT COURT