UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ENEDEO RODRIGUEZ, JR.,

Plaintiff,

v.

CAUSE NO. 3:18-CV-899-JD-MGG

NICK MCCLOUGHEN,

Defendant.

OPINION AND ORDER

Enedeo Rodriguez, Jr., a prisoner without a lawyer, filed a motion titled "Motion for Extention [sic] of Time and Reconsider." ECF 36. Rodriguez asks the court to reconsider its March 4, 2021, order denying his request to amend his complaint. He also requests additional time to respond to the court's status report order.

In its March 4, 2021, order, the court denied Rodriguez's request to amend his complaint for several reasons. ECF 33-1. First, he sought to amend his complaint by adding his infant daughter as a plaintiff. However, Rodriguez's request was denied because a pro se litigant may not represent the interests of his minor child. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (to protect the interests of the minor party, "a next friend may not, without the assistance of counsel, bring suit on behalf of a minor party.") Next, he sought leave to amend his complaint by adding four new defendants: South Bend SWAT Lieutenant Spadasora, ATF Agent Wayne Lessner, Elkhart Police Officer Andrew Whitmyer, and the Elkhart Police Department. Because he sought to add these defendants more than two years after the November 2, 2016, search of his

home, and there was no indication he made an error in identifying the proposed defendants, the court found the relation-back doctrine did not apply to his claims and, as a result, he had not asserted his claims in a timely manner. *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (Rule 15(c)(1)(C) ("permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.")

In his motion to reconsider, Rodriguez again asks the court to allow him to amend his complaint to add his infant daughter as a plaintiff. ECF 36. He asserts his mother has been caring for his daughter and has no financial means to hire an attorney to represent his daughter in this case. *Id*. at 2. Rodriguez points out that he mentioned his daughter in his original complaint and, if he is not permitted to represent his daughter, he asks that the court appoint an attorney for her. *Id.* at 3. However, here Rodriguez is attempting to improperly represent the interests of his daughter by requesting that the court appoint her an attorney, which he is not permitted to do. *Elustra,* 595 F.3d at 699. Therefore, his request is denied.

Furthermore, Rodriguez once again requests that the court allow him to add ATF Agent Wayne Lessner as a defendant. ECF 36 at 3. He states he mistakenly failed to identify ATF Agent Lessner by name in his original complaint and instead referred to him as ATF Agent UC 3749. *Id*. Rodriguez explains he properly identified ATF Agent Lessner by name in two other court filings and thought the court would automatically list ATF Agent UC 3749 as ATF Agent Lessner in this case. *Id*. However, Rodriguez did

not make an error in identifying or naming ATF Agent Lessner as required by Rule 15 (c)(1)(C). By his own admission, he knew ATF Agent UC 3749's name was Wayne Lessner but neglected to identify him as such in his complaint. Instead, Rodriguez expected the court to review the filings in this case to ascertain ATF Agent UC 3749's identity. The court properly dismissed ATF Agent UC 3749 as an unnamed defendant. *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("it is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff.") Accordingly, ATF Agent Lessner will not be added as a defendant in this case.

"A motion for reconsideration performs a valuable function where the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). But "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004). Rodriguez is simply rehashing the arguments he raised in his motion to amend his complaint in an effort to overturn the court's March 4, 2021, order. He has presented no evidence correcting a patent misunderstanding or a manifest error of law or fact. Because there is no basis for overturning the court's March 4, 2021, order, Rodriguez's motion for reconsideration will be denied.

As a final matter, Rodriguez has requested an extension of time to respond to the court's status report order. ECF 36 at 1-2. He states he needs additional time to prepare his status report because the Indiana State Prison has been on an extensive lockdown and he has not been able to access the law library. In the interests of justice, his request will be granted, and he will be afforded a limited amount of time to file a status report.

For these reasons, the court GRANTS IN PART and DENIES IN PART Enedeo Rodriguez, Jr.'s motion for an extension of time and reconsideration. ECF 36. The motion is GRANTED to the extent Rodriguez requests additional time to file a status report. The time for him to file a status report is ENLARGED to **June 30, 2021**. His motion is DENIED to the extent he requests reconsideration of the court's March 4, 2021, order.

SO ORDERED on June 15, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT