UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ENEDEO RODRIGUEZ, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18-CV-899-JD-MGG |
| NICK MCCLOUGHEN, | |
| Defendant. | |

OPINION AND ORDER

Enedeo Rodriguez, Jr., a prisoner without a lawyer, is proceeding in this case "against Detective Nick McCloughen in his individual capacity for money damages for conducting an unreasonable search of his home on November 2, 2016, in violation of the Fourth Amendment[.]" ECF 21 at 6. Detective McCloughen filed a motion for summary judgment. ECF 69. Rodriguez filed a response. ECF 84.

After Rodriguez filed his response to the summary judgment motion, he filed a "Motion to Reschedule, Reconsider and Allow Plaintiff Additional Time to Comply with Deadlines," seeking two forms of relief. ECF 93. First, Rodriguez asks the court, for the second time, to reconsider its March 4, 2021, order denying him leave to amend his complaint to add new defendants to his case. *Id.* at 2-3. He seeks leave to add South Bend SWAT Lieutenant Steve Spadafora, ATF Agent Wayne Lessner, and Assistant Commander Sheldon B. Scott.[1] *Id.* at 2. As explained in the court's March 4, 2021, order

---

[1] In his March 3, 2020, and April 13, 2020, motions to amend his complaint, Rodriguez sought leave to add South Bend SWAT Lieutenant Spadafora, ATF Agent Wayne Lessner, Elkhart Police Officer

and the court's June 15, 2021, order denying his motion to reconsider that order, the court denied Rodriguez's requests to amend his complaint to add new defendants because he sought to add these defendants more than two years after the November 2, 2016, search of his home. ECF 33-1 at 2-3; ECF 44 at 1-2. The court found the relation-back doctrine did not apply to his claims because there was no indication he made an error in identifying the proposed defendants and, as a result, he had not asserted his claims in a timely manner. *King v. One Unknown Federal Correctional Officer*, 201 F.3d 910, 914 (7th Cir. 2000) (Rule 15(c)(1)(C) ("permit[s] an amendment to relate back to the original complaint only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake.")). For these same reasons, Rodriguez's second request for reconsideration is denied.

Next, Rodriguez requests additional time to complete discovery because he has been unable to obtain the "body cam of the search and any and all recordings and documents" pertaining to the November 2, 2016, search of his home from the South Bend Police Department. ECF 93 at 3-4. However, it is clear this evidence does not exist because on May 12, 2021, defendant Detective McCloughen, by counsel, served a subpoena on the South Bend Police Department to obtain the same evidence: "All records as defined in the attached Request for Production of Documents and Things related to the execution of a Search and Seizure Warrant by the South Bend Police Department Special Weapons and Tactics Team ("SWAT Team") at 71395 County Road

---

Andrew Whitmyer, and the Elkhart Police Department. ECF 33-1 at 2; ECF 44 at 1. He did not seek leave to add Assistant Commander Sheldon B. Scott.

25, New Paris, Indiana, 46553 on November 2, 2016." ECF 38. In the defendant's subpoena, the term "record" was defined to include "video recordings" and "audio recordings." *Id.* at 5. Detective McCloughen, by counsel, then provided Rodriguez with the discovery he obtained from the South Bend Police Department when he filed it with the court on October 14, 2021. *See* ECF 65; ECF 65-1 at 1-56. There were no body camera or other recordings filed. Rodriguez has received all of the discovery information Detective McCloughen obtained from the South Bend Police Department. Thus, the discovery items Rodriguez requests additional time to obtain do not exist. If they did exist, defense counsel would have produced them and filed them with the court as required by N.D. Ind. L.R. 26-2(a)(2)(A). Moreover, Rodriguez has not demonstrated good cause for his delay in seeking discovery. *See* ECF 46 (setting a December 16, 2021, deadline for completing discovery); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"). Because Rodriguez's request to produce these items is futile and he has not shown good cause for the delay, his request for additional time to conduct discovery is denied. The court therefore denies Rodriguez's "motion to reschedule, reconsider and allow plaintiff additional time to comply with deadlines" (ECF 93) in its entirety.

Detective McCloughen filed a reply to Rodriguez's response to the summary judgment motion. ECF 94. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

3

Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id*. To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

In his complaint, Rodriguez alleged the South Bend SWAT Team used excessive force against him when executing a search warrant on his residence by forcefully entering his home without a "knock or announce" warning, violently breaking windows, bashing in the front door, blindly throwing a flash-bang grenade into the residence which struck Rodriguez's arm, and striking Rodriguez in the back of the head with an assault rifle. ECF 2-1 at 5. Rodriguez was granted leave to proceed against

4

Detective McCloughen, a detective for the Goshen Police Department, based on his allegation that Detective McCloughen was the team leader for the search of his residence and had supervisory authority over the South Bend SWAT Team at the time it used excessive force against him. ECF 2-1 at 5-6; ECF 21 at 3.

In his motion for summary judgment, Detective McCloughen argues he cannot be held liable because he did not participate in or cause the excessive force alleged by Rodriguez and was tasked only with searching Rodriguez's residence after it was secured by the South Bend SWAT Team. ECF 70 at 10-12. Rodriguez agrees Detective McCloughen did not personally use force against him and was not present during the South Bend SWAT Team's use of force, but argues Detective McCloughen was responsible for the use of force because he had supervisory authority over the South Bend SWAT Team. ECF 84-1 at 29-33.

"Section 1983 creates a cause of action based upon personal liability and predicated upon fault." *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). "An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Id.* A supervisor won't be liable without "a showing of direct responsibility for the improper action[.]" *Id.* Put otherwise, individuals will only be liable for their own misconduct, unless they are responsible for creating the peril that leads to the constitutional violation. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

In support of his summary judgment motion, Detective McCloughen attests to the following facts: Detective McCloughen's duties as a detective for the Goshen Police

5

Department involve investigating crimes, interviewing suspects, and collecting evidence. ECF 71-2 at 1. In 2016, Detective McCloughen was requested by the Elkhart County, Indiana, Intelligence and Covert Enforcement Unit ("ICE") to participate in the execution of a federal search warrant on Rodriguez's residence. *Id.* at 1-2. The search warrant was one of approximately ten warrants to be executed simultaneously in different locations around Elkhart County as part of a large-scale investigation into a major illegal drug organization. *Id*. Numerous state and federal law enforcement agencies were involved in the operation to execute the search warrants, and ICE was in overall supervisory control of the operation. *Id.* at 2. Detective McCloughen's role was to lead a team to search for, gather, and process evidence at Rodriguez's residence after the South Bend SWAT Team entered and secured the residence. *Id.* Detective McCloughen did not participate in the SWAT Team's efforts to enter and secure Rodriguez's residence, nor did Detective McCloughen have any supervisory authority over the South Bend SWAT Team. *Id.*

On November 1, 2016, the day before the raid on Rodriguez's residence, Detective McCloughen attended a meeting at the Elkhart County Sheriff's Department. *Id.* at 2-3. The meeting was conducted by members of ICE. *Id*. The focus of the meeting was to explain the duties of each participating law enforcement agency in executing the search warrants. *Id.* After the meeting, Detective McCloughen went to South Bend and met with representatives of several SWAT teams in order to clarify that the SWAT teams did not intend to handle any evidence during the course of entering and securing Rodriguez's residence. *Id.* at 3. Detective McCloughen wanted to ensure that he and the

6

SWAT Team representatives understood their respective roles so the evidentiary chain of custody would be preserved. *Id.* Detective McCloughen did not instruct the South Bend SWAT Team on how to execute the search warrant or secure Rodriguez's residence, and he does not recall being informed in advance of the specific tactics the South Bend SWAT Team intended to use to secure the residence. *Id.*

Around 4:00 a.m. on the morning of the raid, Detective McCloughen and his evidence team gathered at a church a quarter of a mile down the road from Rodriguez's residence and awaited further instructions from ICE command. *Id.* at 4. At approximately 6 a.m., the South Bend SWAT Team traveled down the road toward the residence, leaving Detective McCloughen and his evidence team behind while they entered and secured the residence. *Id.* A few minutes later, Detective McCloughen received notification that the residence had been secured and it was safe for his evidence team to begin searching the residence for evidence. *Id.* Neither Detective McCloughen nor any member of his evidence team was present at Rodriguez's residence when the South Bend SWAT Team entered and secured the residence. *Id.* at 5. Once the South Bend SWAT Team secured and vacated the residence, Detective McCloughen and his evidence team entered the residence to search for evidence. *Id.*

Detective McCloughen offers three additional affidavits in support of his summary judgment motion. First, Detective McCloughen offers an affidavit from John Mohan, the Unit Commander of ICE, who attests that ICE assigned the South Bend SWAT Team to enter and secure Rodriguez's residence and assembled a team of officers and evidence technicians under the leadership of Detective McCloughen to conduct the

7

search and gather evidence after the Rodriguez residence had been secured by the South Bend SWAT Team. ECF 71-3 at 4. Unit Commander Mohan attests Detective McCloughen had no supervisory authority over the South Bend SWAT Team and that the South Bend SWAT Team's Unit Commander, and not Detective McCloughen, directed how the South Bend SWAT Team entered and secured Rodriguez's residence. *Id.*

Second, Detective McCloughen offers an affidavit from Officer Sheldon Scott, an Assistant Commander for the South Bend SWAT Team, who attests that he prepared the Operational Plan that guided the South Bend SWAT Team's entry and securing of Rodriguez's residence. ECF 71-4 at 2. Officer Scott attests that Detective McCloughen did not author or assist in authoring the Operational Plan, had no supervisory authority over the South Bend SWAT Team, and had no authority to instruct, direct, or change the plans or tactics used by the South Bend SWAT Team to secure Rodriguez's residence. *Id.* at 4-5.

Third, Detective McCloughen offers an affidavit from Lieutenant Steve Spadafora, the South Bend SWAT Team Commander, who attests that Officer Scott authored the Operational Plan to enter and secure Rodriguez's residence and Lt. Spadafora approved the plan. ECF 71-5 at 2-3. Lt. Spadafora attests that Detective McCloughen did not possess any supervisory authority over the South Bend SWAT Team and did not have any authority to instruct, direct, or change the plans or tactics used by the South Bend SWAT Team to enter and secure Rodriguez's residence. *Id.* at 4.

8

Thus, Detective McCloughen has provided evidence he was not personally involved in or responsible for the South Bend SWAT Team's use of force against Rodriguez. In his response, Rodriguez argues there is sufficient evidence to hold Detective McCloughen liable for the South Bend SWAT Team's use of force because he had a leadership role in executing the search warrant. ECF 84-1 at 29-33. Specifically, Rodriguez argues the SWAT Team commanders were not present at the ICE meeting held the day prior to the search, which implies that Detective McCloughen had a leadership role over the South Bend SWAT Team and assigned them their duties. *Id.* at 30-31. However, Rodriguez offers only his own speculation that the SWAT Team commanders were not present at the ICE meeting, which is outside of his personal knowledge. Detective McCloughen offers testimony the SWAT Team commanders were present at the ICE meeting, and Rodriguez offers no admissible evidence refuting this testimony. *See* ECF 71-1 at 5 (testifying the SWAT Team commanders were present at the ICE meeting). Rodriguez also argues Detective McCloughen's testimony during Rodriguez's trial indicated Detective McCloughen had supervisory control over the SWAT Team, but a review of the trial transcript shows Detective McCloughen's trial testimony was consistent with the information he provides in his affidavit. *See* ECF 71-1; ECF 84-1 at 31-33.

In summary, Detective McCloughen has offered evidence he did not cause or participate in the South Bend SWAT Team's use of force against Rodriguez because he was not present during the use of force and did not have any authority over the South Bend SWAT Team. In response, Rodriguez offers only his own speculation that

9

Detective McCloughen had authority over the South Bend SWAT Team, which is insufficient to survive summary judgment. *See Johnson v. Doughty*, 433 F.3d 1001, 1012 (7th Cir. 2006) ("speculation or conjecture will not defeat a summary judgment motion"); *see also Springer*, 518 F.3d at 484 ("[W]hen challenges to witness' credibility are *all* that a plaintiff relies on, and he has shown no independent facts—no proof—to support his claims, summary judgment in favor of the defendant is proper") (emphasis in original). Thus, summary judgment is warranted in favor of Detective McCloughen because there is no evidence he was personally involved in the alleged constitutional violations.[2]

For these reasons, the court:

(1) DENIES Rodriguez's "Motion to Reschedule, Reconsider and Allow Plaintiff Additional Time to Comply with Deadlines" (ECF 93);

(2) GRANTS Detective McCloughen's summary judgment motion (ECF 69); and

(3) DIRECTS the clerk to enter judgment in favor of Detective Nick McCloughen and against Enedeo Rodriguez, Jr.

SO ORDERED on February 8, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] Because the court finds Detective McCloughen did not personally participate in or cause the alleged constitutional violations, it does not reach Detective McCloughen's alternative arguments that the SWAT Team's use of force was reasonable, he had no duty to intervene, and he is entitled to qualified immunity.