UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ENEDEO RODRIGUEZ JR,

    Plaintiff,

    v.                                                  Case No. 3:18-CV-899 JD

NICK MCCLOUGHEN,

    Defendant.

## OPINION AND ORDER

    This case has been remanded by the Court of Appeals for the Seventh Circuit for reconsideration of Plaintiff Enedeo Rodriguez's request to amend his complaint. Mr. Rodriguez is incarcerated and is not represented by counsel. His case arises out of the search of his home and his subsequent arrest by officers from several local, state, and federal agencies. He was prosecuted in state court and is now serving a term of 32 years of imprisonment.

    Mr. Rodriguez sued 14 defendants under *Bivens v. Six Unknown Named Federal Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983. He contended they violated the Fourth and Fourteenth Amendments by providing false information to obtain a warrant and executing the search in an unreasonable way. In screening the complaint under 28 U.S.C. § 1915A, this Court dismissed all but one defendant. Mr. Rodriguez then moved to amend his complaint to add his daughter as a plaintiff and four additional defendants. The Court denied the motion (DE 33) but, following the remand from *Rodriguez v. McCloughen*, 49 F.4th 1120 (7th Cir. 2022) (*Rodriguez I*), and *Rodriguez v. McCloughen*, No. 22-1259, 2022 WL 4534787 (7th Cir. Sept. 28, 2022) (unpublished opinion) (*Rodriguez II*), the Court will now grant leave to Mr. Rodriguez to amend the complaint as stated in this order.

**A.     Background**

To give context to the amendments in question, the Court will recap the general allegations from Mr. Rodriguez's previous filings. Mr. Rodriguez alleged that ATF Agent UC 3749 obtained a warrant to search his home by making false and misleading statements to a magistrate judge. (DE 2-1 at 3.) To obtain the search warrant, Agent UC 3749 claimed that, on December 12, 2015, Rodriguez drove to a Kmart store located in Peru, Indiana, and parked his silver Ford Expedition next to a four-door sedan in front of the store and met with an unidentified individual. (*Id*.) Agent UC 3749 then represented to the magistrate judge that Rodriguez sold an ounce of methamphetamine to that unidentified individual. (*Id*. at 4–5.) However, according to Mr. Rodriguez, EC-ICE Unit Officer 323 produced a police report about the same incident that states the incident occurred a day earlier, and the report of EC-ICE Unit Officer U323 does not mention that he was ever at the Kmart store or met with anyone at the store. (*Id*. at 3-4.) Furthermore, Rodriguez asserts that the search warrant affidavit did not contain reliable information because two confidential sources merely provided hearsay evidence to EC-ICE unit investigators, who gave that information to ATF Agent UC 3749. (*Id*. at 4.)

Mr. Rodriguez claims that, eleven months later, on November 2, 2016, just before 6:00 a.m., the South Bend SWAT Team executed a search warrant and conducted a military style assault by forcefully entering his home without a "knock or announce" warning, violently breaking windows, and bashing in the front door. (DE 2-1 at 5.) They then "blindly threw a flash-bang grenade" in the living room striking his upper right arm and causing him injury. (*Id*.) Rodriguez claimed these events occurred while his one-year old daughter was sleeping in the living room. (*Id*.) He stated that the Elkhart County Sheriff's Department, the Elkhart County

ICE Unit,[1] an ICE Unit Officer 323, ECSD SWAT, DEA 6, and Detective Nick McCloughen were all involved. (*Id*. at 5–6.) According to Mr. Rodriguez, they failed to find out who was residing in his home and whether those individuals posed a threat or danger. (*Id*. at 6.) He asserted that a "critical decision" was made to enter his home using excessive force which caused property damage, bodily harm, and endangered a child. (*Id*.) Mr. Rodriguez claimed that the defendants fabricated the search-warrant affidavit, used excessive force when searching his home, and unreasonably searched his repair shop without a warrant, destroying property in the process.

In all, Mr. Rodriguez named the following defendants—

- ATF Agent UC 3749,
- ATF Agent Kyle Lerch,
- ATF Agent Bayne Bennett,
- EC-ICE Unit Officer U323,
- Detective Nick McCloughen,
- the South Bend SWAT Team
- the Elkhart County Sheriff's Department,
- the Elkhart County ICE Unit,
- ECSD SWAT,
- DEA 6,
- the Indiana State Police,
- Indiana State Police Officer Aaron Campbell,
- Detective Stutsman, and
- Detective Randy Mockler.

Again, in screening the case pursuant to § 1915A(b)(1), the Court dismissed all defendants but Detective Nick McCloughen. Subsequently, Mr. Rodriguez sought to amend the complaint as follows: He wanted to add his daughter R.O.[2]— the infant who was present when the flash-bang grenade was thrown into the room—as a plaintiff. (DE 30 at 1.) He also wanted to

---

[1] According to Mr. Rodriguez, "ICE" stands for Interdiction Cover Enforcement." (DE 28 at 3.)

[2] The Court is using only the initials of the child's name to protect her privacy.

3

substitute ATF Agent Wayne Lessner for code name ATF UC 3749. (*Id.*) Next, he wanted to pursue a claim against South Bend SWAT Commander Lieutenant Spadasora whose name he had newly obtained. Finally, in relation to the search and seizure claims, he wanted to add the Elkhart Police Department and Officer Andrew Whitmyer. (*Id.*) As already noted, Mr. Rodriguez's motion to amend was denied.

B.   Discussion

Consistent with Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." *Id.* In light of *Rodriguez I*, 49 F.4th 1120, and *Rodriguez II*, 2022 WL 4534787, the Court will grant leave to Mr. Rodriguez to submit a new proposed complaint keeping in mind the following determinations:

As this Court already ruled and as affirmed by the Court of Appeals, Mr. Rodriguez may not add his daughter as a plaintiff. *Id. Rodriguez II*, 2022 WL 4534787, at *3 ("A nonlawyer cannot represent another person, even his own child, in most lawsuits.)

Next, the Court has already granted summary judgment for Detective Nick McCloughen. Mr. Rodriguez did not contest the Court's ruling on appeal, *id.* at *2, so Detective McCloughen is permanently out of this case.

Also, "[h]is claim against the Indiana State Police is dead in the water because [Mr.] Rodriguez cannot sue an arm of the State of Indiana, like the state's police, as a 'person' under § 1983." *Rodriguez II*, 2022 WL 4534787, at *3 (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).

4

Likewise, as the Court of Appeals found already, any amendment against DEA 6 would be futile because it does not appear to be a person. *Id*. at *3. Nor were there any allegations against any agent of the Drug Enforcement Administration or that agency, and "[w]ithout such allegations, there is nothing an amendment could relate back to, and amendment would be pointless." *Id*.

However, it is not futile for Mr. Rodriguez to amend his complaint to substitute ATF Agent Wayne Lessner for code name ATF UC 3749 because the claims against him relate back to the original claims. *See Rodriguez I*, 49 F.4th at 1123. However, although Mr. Rodriguez is being granted leave for this substitution, there remains a question of whether a federal employee may be sued under *Bivens* for deliberately misleading a judge to obtain a warrant. The Court will decide this question once Mr. Rodriguez amends his complaint.

In addition, for the same reasons, Mr. Rodriguez may substitute a defendant for EC-ICE Unit Officer 323. However, as the Court of Appeals noted, Mr. Rodriguez's initial factual allegations regarding this defendant did not plausibly support entitlement to relief because "[h]e did not specify to whom the officer provided the report, how it affected him, or whether this officer was involved in fabricating the affidavit or knew it was false." *Rodriguez II*, 2022 WL 4534787, at *3. "Nevertheless, a constitutional claim is not foreclosed if Rodriguez can provide specifics." *Id*.

The current record is insufficient to determine whether the proposed claims against South Bend SWAT Commander Lieutenant Spadasora and Officer Andrew Whitmyer relate back to the original claims as set out in Federal Rule of Civil Procedure 15(c)(1)(C). That is, there is no telling "whether these persons 'received such notice of the action that [they] will not be prejudiced in defending on the merits' and 'knew or should have known that the action would

5

have been brought against [them], but for a mistake concerning the proper party's identity.'" *Rodriguez II*, 49 F.4th at 1123. Once Mr. Rodriguez amends the complaint, if these persons are named as defendants, the Court will address this question using the approach set forth in *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538 (2010). Moreover, insofar as he intends to bring any claim under the Fourth Amendment against the two officers for searching his business without a warrant and causing property damage there, Mr. Rodriguez needs to state the location and structure of his business and the ownership of the vehicles to determine whether he personally can bring such claims. *See Rodriguez II*, 2022 WL 4534787, at *3 (while property damage can be part of a challenge to the reasonableness of a search under the Fourth Amendment, "[i]f the business is a corporation or other independent entity, then it must be the plaintiff").[3]

Same with the agencies. "Rodriguez sued 'Elkhart County ICE unit,' 'ECSD SWAT,' and 'South [B]end SWAT,' none of which is a proper juridical entity for constitutional claims." *Rodriguez II*, 2022 WL 4534787, at *2 (citing *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) (in Indiana, only counties, municipalities, municipal corporations, or townships, can be § 1983 defendants)). Nevertheless, the Court will grant leave to Mr. Rodriguez to name the proper defendants, whose relation-back will be determined subsequently.

Finally, in his previous filings, Mr. Rodriguez did not clearly connect the law enforcement agencies at the federal, state, county, and city levels "to his factual allegations of wrongdoing by specific officers." *Rodriguez II*, 2022 WL 4534787, at *3. He may amend his allegations against them so long as he "directs his claims at the proper juridical entities." *Id*.

---

[3] This equally applies to the two ATF agents and an Indiana State Trooper whom Mr. Rodriguez accused of damaging two cars during the search.

## C. Conclusion

In conclusion, the Court GRANTS leave to Mr. Rodriguez to amend his complaint as set out in this order and consistent with *Rodriguez I*, 49 F.4th 1120, and *Rodriguez II*, 2022 WL 4534787. The Court reminds Mr. Rodriguez "[w]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Put simply, after filing an amended complaint, the original complaint has no importance. As always, and this is especially applicable to unrepresented plaintiffs, Mr. Rodriguez should state who did what, when, and where, and he should present a basis for liability against the defendants.

The deadline for filing an amended complaint is January 17, 2023.

SO ORDERED.

ENTERED:

                                        /s/ JON E. DEGUILIO
                                        Chief Judge
                                        United States District Court