## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

ENEDEO RODRIGUEZ, JR.,      )
        Plaintiff,        )
                        )
    v.                  )      CAUSE NO.: 3:18-CV-899-JD-JEM
                        )
KYLE LERCH, *et al.*,        )
        Defendants,    )

## OPINION AND ORDER

This matter is before the Court on a Verified Motion to Strike Defendant's Affirmative Defenses [DE 167], a second Verified Motion to Strike Defendant's Affirmative Defenses [DE 169], and a third Verified Motion to Strike Defendant's Affirmative Defenses [DE 184] filed by Plaintiff on June 20 and 21, and July 24, 2023. Plaintiff, who is proceeding without counsel, requests that the Court strike Defendants Stutsman and Mockler's [DE 167], Defendant Campbell's [DE 169], and Defendants Spadafora and Scott's [DE 184] answers and affirmative defenses as insufficient. Defendant Campbell filed his response on July 17, 2023, Defendants Stutsman and Mockler filed their response on July 25, 2023. Defendants Spadafora and Scott filed their response on August 24, 2023. Plaintiff did not file any replies and the time to do so has expired.

## I.    Standard of Review

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored, but when striking portions of a pleading "remove[s] unnecessary clutter from the case," the motion may "serve to expedite, not delay." *Heller Fin. Inc. v.*

*Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses that "present substantial questions of law or fact" will not be stricken. *United States v. 416.81 Acres of Land*, 514 F.2d 627, 631 (7th Cir. 1975). Accordingly, motions to strike affirmative defenses "will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991). However, because affirmative defenses are pleadings, they must meet all pleading requirements of the Federal Rules of Civil Procedure, including "set[ting] forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)). "[B]are bones conclusory allegations" which "omit[] any short and plain statement of facts and fail[] totally to allege the necessary elements of the alleged claims" will not meet this standard and may be stricken. *Id.* at 1295. Ultimately, whether to strike material under Rule 12(f) is within the sound discretion of the court. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d 654, 665 (7th Cir. 1992).

**II.    Analysis**

Plaintiff's Amended Complaint alleges damages caused by Defendants' violation of 42 U.S.C. § 1983 arising from Plaintiff's arrest. In the instant Motions, Plaintiff argues that the Court should strike the answers and affirmative defenses of Defendants Stutsman, Mockler, Campbell, Spadafora and Scott as insufficient as a matter of law.

Affirmative defenses are stricken "only when they are insufficient on the face of the pleadings." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (citing *Heller*, 883 F.2d at 1294) ("Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."). "A defense is an affirmative defense if it is specifically enumerated in Fed. R. Civ. P. 8(c), if the defendant bears the burden of proof, or if the defense does

2

not require controverting the plaintiff's proof." *Perez v. PBI Bank, Inc.*, No. 1:14-CV-1429, 2015 WL 500874, at *5 (S.D. Ind. Feb. 4, 2015) (citing *Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 872 (7th Cir. 2012)). "Affirmative defenses are pleadings and, therefore, are subject to all pleading requirements of the Federal Rules of Civil Procedure" and "must set forth a 'short and plain statement' of the defense." *Heller*, 883 F.2d at 1294 (quoting Fed. R. Civ. P. 8(a)).[1] The *Heller* court found several defenses meritless because they were "nothing but bare bones conclusory allegations," noting that the defendant "omitted any short and plain statement of facts and failed totally to allege the necessary elements of the alleged claims." *Id.* at 1295.

Plaintiff asks the Court to strike all of Defendants' Answers and Affirmative Defenses. The Court addresses each argument in turn.

### A. Answer

Plaintiff argues that all of Defendants' Answers are insufficiently pleaded because they include general denials of his claims. Federal Rule of Civil Procedure 8(b)(3) provides: "A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted." Defendants have done so, and their Answers will not be stricken.

### B. Affirmative Defenses

In their responses, Defendant Campbell withdrew his Affirmative Defenses 13 and 14, Stutsman and Mockler withdrew their Affirmative Defenses 3, 6, 10, 12, 13, 14, 16, and 17, and

---

[1] Notably, the *Heller* court does not include the requirement in 8(a)(2) of "showing that the pleader is entitled to relief." *See Heller Fin. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); Fed. R. Civ. P. 8(a)(2).

Spadafora and Scott withdrew their Affirmative Defenses 3, the absolute and sovereign immunity claims asserted in 6, and 10. The Court will therefore not address the arguments as to those particular defenses. Plaintiff argues that other defenses must be stricken because they are bare bones statements and are not affirmative defenses.

    i.      *Affirmative Defense of failure to state a cause of action*

Stutsman and Mocker's, Campbell's, and Spadafora and Scott's Affirmative Defense 1 each state that Plaintiff has failed to plead a claim upon which relief may be granted. Plaintiff asks the Court to strike each Affirmative Defense 1 because failure to state a claim is not an affirmative defense. Defendants argue that a failure to state a claim is a recognized defense, and thus his assertion of it is proper.

A failure to state a claim is not an affirmative defense. *Fletcher v. Hoeppner Wagner & Evans, LLP*, Cause No. 2:14-CV-231-RL-PRC, 2015 U.S. Dist. LEXIS 153057 at *12 (N.D. Ind. November 12, 2015); *see also Mandel Metals, Inc. v. Walker Grp. Holdings*, 2015 WL 3962005, at *10 (N.D. Ill. June 26, 2015) (citing *Ill Wholesale Cash Reg., Inc. v. PCG Trading, LLC*, 2009 WL 1515290, at *2 (N.D. Ill. May 27, 2009); *AEL Fin. LLC v. City Auto Parts of Durham, Inc.*, 2009 WL 2778078, at *13 (N.D. Ill. Aug. 31, 2009)). Failure to state a claim, although a defense, is not an "affirmative defense" because it does not assume that the allegations of the Complaint are true and then provide a separate reason why the defendant is not liable. Accordingly, the Court strikes Affirmative Defense 1 of Stutsman and Mockler, Campbell, and Spadafora and Scott.

    ii.      *Affirmative Defense relative to the statute of limitations*

Campbell's Affirmative Defense 2, Stutsman and Mockler's Affirmative Defense 5, and Spadafora and Scott's Affirmative Defense 4 assert that Plaintiff's claims are barred by the applicable

statute of limitations and that adding them as Defendants to the Amended Complaint "is not compatible with Federal Rule of Civil Procedure 15." Plaintiff argues that each of these Affirmative Defenses must be stricken because they are bare bones allegations and contain no dates or applicable tolling periods. Defendants argue that adding them as Defendants in 2023 with respect to conduct that occurred in 2016 is beyond the statute of limitations, and therefore the affirmative defenses should not be stricken.

An affirmative defense need not satisfy *Twombly* and *Iqbal*'s plausibility standard, but the affirmative defense must still contain a "short and plain statement" of the defense itself. *Heller*, 883 F.2d at 1294. Affirmative defenses must be stricken if they contain "nothing but bare bones conclusory allegations" without "*any* short and plain statement of facts." *Id*. at 1295 (emphasis added). In essence, an affirmative defense must "be adequately pled to put a plaintiff on notice of the defense." *Cottle v Falcon Holdings Mgmt., LLC*, 2012 U.S. Dist. LEXIS 10478 at *12 2012 WL 266968 (N.D. Ind. Jan. 30, 2012); *Design Basics, LLC v. Windsor Homes, Inc.*, No. 16-51, 2016 U.S. Dist. LEXIS 91910, *8 (N.D. Ind. July 14, 2016) (denying motion to strike affirmative defenses because the affirmative defenses were stated "in short and plain terms" and "sufficiently put [the plaintiff] on notice of the affirmative defenses"); *accord Bielfeldt v. Bourazak*, No. 15-1419, 2016 U.S. Dist. LEXIS 46986, *6 (C.D. Ill. Apr. 7, 2016) ("Federal Rule of Civil Procedure 8 requires for affirmative defenses, at a minimum, fair notice of a party's defense."). Nowhere in Defendants' pleadings do they specify what the applicable statute of limitations was or the time limits. Therefore, Campbell's Affirmative Defenses number 2, Stutsman and Mockler's Affirmative Defense number 5, and Spadafora and Scott's Affirmative Defense 4 are stricken, with leave to replead.

*iii.     Affirmative Defense of immunity*

Campbell's Affirmative Defense 4 and Stutsman and Mockler's Affirmative Defense 2 assert that each of them is protected from liability by qualified immunity. Spadafora and Scott's Affirmative Defense 6 asserts qualified, absolute, and/or sovereign immunity. Spadafora and Scott withdrew their defenses of absolute and sovereign immunity. Plaintiff argues that each of these Affirmative Defenses must be stricken because they contain bare bones allegations and they are not affirmative defenses. Defendants argue that once they raise qualified immunity, the burden of proof on that issue shifts to the Plaintiff, and that they have sufficiently raised the defense.

As stated above, an affirmative defense need not satisfy *Twombly* and *Iqbal*'s plausibility standard, but the affirmative defense must still contain a "short and plain statement" of the defense itself. *Heller*, 883 F.2d at 1294. Defendants have sufficiently pleaded an affirmative defense of qualified immunity.

*iv.     Affirmative Defenses asserting that Plaintiff's rights have not been violated*

Campbell's Affirmative Defense 3 asserts that "Plaintiff's rights, privileges, and immunities secured under the Constitution and/or the laws of the United States have not been violated by any alleged action, or inaction, by Campbell." Plaintiff argues that this is not an affirmative defense. Campbell argues that Plaintiff misunderstands the applicable law.

This is not an affirmative defense because it does not assume that the allegations of the Complaint are true and then provide a separate reason why Defendant is not liable. *See Droz v. Droz*, Cause No.: 2-16-CV-267-RL-JEM, 2018 WL 3301841, at *1 (N.D. Ind., July 5, 2018) ("An affirmative defense is one that defeats liability for all or some of a plaintiff's claims even if the plaintiff can prove all the elements of those claims."); *see also Defense, affirmative,* <u>Black's Law</u>

Dictionary (8th ed. 1999) ("An affirmative defense asserts 'facts and arguments which, if true, will defeat the Plaintiff's . . . claim, *even if all the allegations in the complaint are true.*'"(emphasis added)). Campbell's Affirmative Defense 3 is stricken.

*v.     Affirmative Defenses asserting reasonable actions, lack of malice, and good faith*

Campbell's Affirmative Defense 5 asserts that "Defendant Campbell at all times acted reasonably, without malice, and in good faith." Stutsman and Mockler's Affirmative Defense 7 states that "Defendants Stutsman and Mockler acted in good faith." Spadafora and Scott's Affirmative Defense 7 asserts that Plaintiff's claims are barred because their actions were "objectively reasonable in light of the facts and circumstances confronting them, were not taken with any deliberate indifference to Rodriguez's rights, did not violate clearly established principles of law, and do not rise to the level of any Constitutional or statutory deprivation." Spadafora and Scott's Affirmative Defense 11 asserts that Plaintiff's claims are barred because they "acted at all times in a reasonable manner, without malice and in good faith." Plaintiff argues that these Affirmative Defenses are insufficiently pleaded and redundant clutter. Defendants argue that Plaintiff's arguments lack merit.

Campbell has sufficiently pleaded the affirmative defense of reasonableness, lack of malice and good faith and Stutsman and Mockler have sufficiently pleaded the affirmative defense of good faith. Spadafora and Scott have sufficiently pleaded the affirmative defense of reasonableness, lack of deliberate indifference or malice and good faith. Although the defenses are similar to those raised in other defenses, they are not redundant or repetitive and will not be stricken.

*vi.     Affirmative Defenses asserting the existence of lawful warrants*

Campbell, in Affirmative Defense 6, Stutsman and Mockler, in Affirmative Defense 8, and Spadafora and Scott, in Affirmative Defense 12, assert an affirmative defense based on the existence

of a lawful warrant. Plaintiff argues that this is not an affirmative defense, is insufficiently pleaded, and is devoid of facts. The Court concludes that Defendants have sufficiently pleaded the affirmative defense that actions taken by law enforcement pursuant to a lawful warrant are presumed lawful.

vii.    *Affirmative Defenses regarding damages*

Campbell, in Affirmative Defense 7, Stutsman and Mockler, in Affirmative Defense 9, and Spadafora and Scott, in Affirmative Defense 2, assert a failure to mitigate damages defense. Campbell, in Affirmative Defenses 9 and 10, and Stutsman and Mockler, in Affirmative Defense 4, assert a lack of damages or a proximate cause connection between their respective conduct and any injuries Plaintiff may have suffered. Campbell, in Affirmative Defense 8, and Stutsman and Mockler, in Affirmative Defense 11, assert that any damages suffered by Plaintiff are attributable to the actions of other persons. Spadafora and Scott, in Affirmative Defenses 8 and 9, assert that any damages are attributable to acts of other Defendants, Rodriguez's own actions, or acts of other third parties. Spadafora and Scott, in Affirmative Defense 15, assert that any emotional damages during the time Plaintiff was incarcerated are barred as a matter of law. Plaintiff argues that each of these defenses is not an affirmative defense and contain only bare bones conclusions in that Defendants have failed to identify who else may have caused the harm or what Plaintiff could have done to mitigate his harm. Defendants argue that failure to mitigate is an affirmative defense to the amount of damages, that a lack of causal connection between any one Defendant's conduct and any ultimate harm is not negating the claim, and they have sufficiently pleaded each defense.

Nowhere in Defendants' pleading do they specify any act or omission on the part of Plaintiff and have failed to give Plaintiff notice of how he may have failed to mitigate his damages, contributed to the harm, or who else may have done so. As a result, the Court finds that Campbell's Affirmative

Defenses 7, 8, 9, and 10, Stutsman and Mockler's Affirmative Defenses 9 and 11, and Spadafora and Scott's Affirmative Defenses 2, 8, and 9 must be stricken because they lack factual support and do not include the necessary elements to support the allegations, but they may be amended. However, Spadafora and Scott have sufficiently pleaded Affirmative Defense 15, as they have asserted both the legal and factual basis for that defense.

     *viii.*    *Affirmative Defense of respondeat superior liability*

     Campbell, in Affirmative Defense 11, and Spadafora and Scott, in Affirmative Defense 13, assert the affirmative defense that there is no *respondeat superior* liability for Section 1983 actions. Plaintiff argues that this is not an affirmative defense. Defendants argue that a lack of liability is an affirmative defense and that it has been pled it with sufficient facts.

     Even if Plaintiff can prove all the elements of his causes of action, there is no *respondeat superior* liability under Section 1983, so Campbell and Spadafora and Scott have sufficiently pleaded this affirmative defense.

     *ix.*    *Affirmative Defense raising issue of state court conviction*

     Campbell, in Affirmative Defense 12, Stutsman and Mockler, in Affirmative Defense 15, and Spadafora and Scott, in Affirmative Defense 14, assert that to the extent Plaintiff's success here would implicitly question the validity of his state court doctrine, the action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff argues that this is not an affirmative defense. Defendants argue that Plaintiff misunderstands the law on this issue.

     The doctrine, set forth in *Heck v. Humphrey*, concludes that a Section 1983 claim which necessarily implies the invalidity of the plaintiff's conviction is not cognizable unless the conviction was overturned. *Heck*, 512 U.S. 477. This creates an affirmative defense, as, even if Plaintiff could

prove all of his claims, liability would be defeated. *James v. Pfister*, 708 F. App'x. 876, at 878-79 (7th Cir. 2017). Defendants have therefore sufficiently pleaded this affirmative defense.

    x.    *Affirmative Defense of no liability pursuant to Monell*

Spadafora and Scott, in Affirmative Defense 5, assert an affirmative defense that there are no allegations of an official policy or custom to create liability under *Monell*. Plaintiff argues that this is not an affirmative defense.

Even if Plaintiff can prove all the elements of his causes of action, *Monell* limits liability. An assertion of the lack of requisite customs or policies as described in *Monell* is an affirmative defense that has been sufficiently pleaded.

    xi.    *Affirmative Defenses reserving defenses or denying allegations*

Spadafora and Scott, in Affirmative Defense 16, state: "to the degree City Defendants have not fully responded to any of Rodriguez' allegations, they hereby deny them" and in Affirmative Defense 17 reserve the right to bring additional affirmative defenses in the future. Plaintiff argues that they are not affirmative defenses.

Denying any unresponded-to allegations is not an affirmative defense because it does not assume that the allegations of the Complaint are true and then provide a separate reason why the defendant is not liable. A reservation of rights is not a matter "properly plead as an affirmative defense." *Hydra-Stop, Inc., v. Severn Trent Env't Services, Inc*., 2003 U.S. Dist. LEXIS 21769, 2003 WL 22872137, at *5 (N.D. Ill. 2003). Accordingly, the Court strikes Affirmative Defense 16 and 17 of Spadafora and Scott.

**III**.    **Conclusion**

For the foregoing reasons, the Court hereby **GRANTS in part and DENIES in part** the Verified Motion to Strike Defendant's Affirmative Defenses [DE 167], the Verified Motion to Strike Defendant's Affirmative Defenses [DE 169], and the Verified Motion to Strike Defendant's Affirmative Defenses [DE 184].

The Court **STRIKES** Defendants' Affirmative Defenses. The Court grants Defendant Campbell leave to file amended Affirmative Defenses solely for the purpose of repleading affirmative defenses 4, 5, 6, 11, and 12, and amending affirmative defenses 2, 7, 8, 9, and 10 to set forth defenses which defeat liability for all or some of Plaintiff's claims even if plaintiff can prove all of the elements of those claims, with short and plain statements of fact supporting said defenses, as required by Rule 8(b). The Court grants Defendants Stutsman and Mockler leave to file amended Affirmative Defenses solely for the purpose of repleading affirmative defenses 2, 7, 8, and 15 and amending affirmative defenses 4, 5, 9, and 11 to set forth defenses which defeat liability for all or some of plaintiff's claims even if plaintiff can prove all of the elements of those claims, with short and plain statements of fact supporting said defenses, as required by Rule 8(b). The Court grants Defendants Spadafora and Scott leave to file amended Affirmative Defenses solely for the purpose of repleading affirmative defenses 5, 6, 7, 11, 12, 13, 14, and 15 and amending affirmative defenses 2, 4, 8, and 9 to set forth defenses which defeat liability for all or some of plaintiff's claims even if plaintiff can prove all of the elements of those claims, with short and plain statements of fact supporting said defenses, as required by Rule 8(b).

11

The deadline for Defendants to file the Amended Affirmative Defenses is **<u>October 6, 2023</u>**.

SO ORDERED this 7th day of September, 2023.

<u>s/ John E. Martin</u>
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:    All counsel of record
       Plaintiff, *pro se*

12