UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ENEDEO RODRIGUEZ, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 3:18-CV-899-CCB-JEM |
| KYLE LERCH, et al., | |
| Defendants. | |

OPINION AND ORDER

Enedeo Rodriguez, Jr., a prisoner without a lawyer, filed a motion asking Judge Cristal C. Brisco to recuse under 28 U.S.C. § 455. ECF 390. "Under the recusal statute, '[a]ny ... judge, ... of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned,' 28 U.S.C. § 455(a), or when the judge has a [specific] disqualifying circumstance [listed in § 455(b)]." *United States v. Walsh*, 47 F.4th 491, 499 (7th Cir. 2022). Rodriguez lists three reasons why he wants Judge Brisco to recuse.

1. Prior Association with Barnes & Thornburg LLP:
   Judge Brisco was an associate at Barnes & Thornburg LLP, which represented a Defendant in this case. This prior association creates a potential conflict of interest and appearance of impropriety.
2. Appearance of Bias:
   Judge Brisco's Order of a Motion to Stay while Plaintiff was in the midst of obtaining viable discovery supporting his claims, despite no apparent urgency or justification, creates an appearance of bias in favor of the Defendant's.
3. Potential for Delay and Prejudice
   Judge Brisco's actions may have been intended to cause delay and prejudice to Plaintiff's case, further demonstrating the need for recusal.

ECF 390 at 1-2. The first reason implicates § 455(b), but all three raise issues under § 455(a).

Relevant to the Barnes & Thornburg argument, under § 455(b)(2), a judge must recuse when, "in private practice he served [with] a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter . . .." Judge Brisco was an associate at Barnes & Thornburg from 2006 to 2013, but at no time has any Barnes & Thornburg lawyer represented any party in this case. The docket shows a Barnes & Thornburg address for Attorney Jacob T. Palcic, but that is not where he worked when he represented defendants in this case. Both Attorney Palcic's Notice of Appearance and his Motion to Withdraw show he was employed at that time by Yoder, Ainlay, Ulmer & Buckingham, LLP – the same law firm as his co-counsel. ECF 32 and 175. The reason the docket mentions Barnes & Thornburg is because Attorney Palcic subsequently joined that firm and the court's computer docket system displays his current contact information. Judge Brisco's prior employment at Barnes & Thornburg is not a basis for recusal under § 455(b)(2).

The Seventh Circuit has "expressed doubts about recusal under § 455(a) when the more detailed provisions of § 455(b) clearly allow the judge to sit," but they have also explained that "[t]he lack of a § 455(b) violation is instructive but not conclusive [because a]ffiliations that pose risks similar to those identified in § 455(b) may call for disqualification under § 455(a)." *In re Gibson*, 950 F.3d 919, 927 (7th Cir. 2019).

When evaluating whether a judge's impartiality might reasonably be questioned, "the reasonable person under § 455(a) is well-informed about the surrounding facts and

circumstances and not hypersensitive or unduly suspicious." *In re Gibson*, 950 at 925 (quotation marks omitted). The facts in this case show that Judge Brisco left Barnes & Thornburg in 2013. Attorney Palcic withdrew from this case in 2023 and subsequently went to work for Barnes and Thornburg. ECF 175. Judge Brisco was assigned to this case in 2024. ECF 308. The fact that a former attorney for some defendants subsequently joined a law firm where Judge Brisco was employed more than a decade ago is not a basis for recusal under § 455(a) because these facts do not raise an appearance of impropriety for a reasonable person.

The second reason Rodriguez asserts Judge Brisco should recuse is because she issued a stay in this case. ECF 390 at ¶ 2.

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. See *United States* v. *Grinnell Corp.*, 384 U.S. at 583. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994). The stay order alone is not a valid basis for recusal and there are no additional facts showing reliance on an extrajudicial source.

Judge Brisco explained why she stayed this case two months after it was assigned to her:

> This case was recently reassigned. It currently has sixteen pending motions. Over more than five years, this case has developed an extensive procedural history including four appeals to the Seventh Circuit. It will take time, perhaps an extensive amount of time, to fully review and justly rule on the pending motions once they are fully briefed.

ECF 376 (citations omitted). Among the pending motions was a Motion to Stay filed by Rodriguez. ECF 355. Though his reason for requesting a stay is different than the reason the case is currently stayed, his desire for a stay reinforces the conclusion that the issuance of that stay does not raise an appearance of impropriety for a reasonable person and is not a basis for recusal under § 455(a).

The third reason Rodriguez asserts Judge Brisco should recuse is because her actions may have been intended to cause delay and prejudice to Plaintiff's case. ECF 390 at ¶ 3. This claim is unsupported by any facts. Mere speculation is more of an indication of hypersensitivity or undue suspiciousness than it is of a well-informed understanding of the facts and circumstances. This conjecture about Judge Brisco's motives does not raise an appearance of impropriety for a reasonable person and is not a basis for recusal under § 455(a).

Rodriguez is not happy this case is delayed – neither is the court. As explained in the order staying this case, it takes time to fully review and justly rule on the cases before the court. The stay was (and is) intended to save the resources of the court and the parties. It was (and is) intended to prevent the case from becoming more complicated before the court can address the numerous pending motions and

4

implement an appropriate scheduling plan so this case can proceed to an orderly conclusion.

For these reasons, the motion for recusal (ECF 390) is DENIED. The parties are REMINDED this case remains STAYED.

SO ORDERED on January 6, 2025.

s/ Cristal C. Brisco  
JUDGE  
UNITED STATES DISTRICT COURT