**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

ENEDEO RODRIGUEZ, JR.,

        Plaintiff,

        v.

AARON CAMPBELL, RANDY
MOCKLER, DETECTIVE STUTSMAN,
SHELDON B. SCOTT, and STEVE
SPADAFORA,

        Defendants.

CAUSE NO.: 3:18-CV-899-TLS-JEM

**OPINION AND ORDER**

Enedeo Rodriguez, Jr., a prisoner without a lawyer, commenced the instant action on November 5, 2018, by filing a Complaint [ECF No. 2] under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 against multiple local and federal law enforcement defendants, claiming violations of his Fourth and Fourteenth Amendment rights for providing false information to a federal magistrate judge who issued the warrant to search his residence for drug trafficking evidence, searching his business without a warrant, and executing the searches in an unreasonable manner. The evidence obtained from the residential search ultimately led to the Plaintiff's arrest and felony convictions in Indiana state court for dealing in methamphetamine and corrupt business influence.

On January 22, 2020, in accordance with 28 U.S.C. § 1915A, this Court screened the Complaint and dismissed the federal law enforcement Defendants (the agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)) among other Defendants and authorized the Plaintiff to proceed against Defendant Nick McCloughen (an Indiana state law enforcement defendant) in his individual capacity for money damages for conducting an unreasonable search

of the Plaintiff's home on November 2, 2016, in violation of the Fourth Amendment. Jan. 22, 2020 Op. & Ord., ECF No. 21. The case proceeded through discovery and resulted in summary judgment for Defendant McCloughen. Feb. 8, 2022 Op. & Ord., ECF No. 106.

The Plaintiff appealed, and the Seventh Circuit Court of Appeals issued two decisions, affirming summary judgment as to Defendant McCloughen but otherwise vacating the judgment and remanding the proceedings. *See Rodriguez v. McCloughen*, 49 F.4th 1120 (7th Cir. 2022); *Rodriguez v. McCloughen*, No. 22-1259, 2022 WL 4534787 (7th Cir. Sept. 28, 2022). The Seventh Circuit reversed the dismissal of the Plaintiff's Fourth Amendment claims against several federal, state, and county officers involved in a joint federal and state investigation into the Plaintiff for violations of narcotics laws. *See Rodriguez*, 2022 WL 4534787, at *3–4.

In accordance with the Seventh Circuit's decisions, on December 12, 2022, this Court granted the Plaintiff leave to amend his complaint. Dec. 12, 2022 Op. & Ord., ECF No. 135. And the Plaintiff filed an Amended Complaint [ECF No. 136] on January 6, 2023.

On April 6, 2023, pursuant to 28 U.S.C. § 1915A, the Court screened the Amended Complaint and granted the Plaintiff leave to proceed against: (1) Defendant Wayne Lessner (ATF agent) in his individual capacity for compensatory and punitive damages for the claim that Lessner falsified the search warrant application and participated in the search of the Plaintiff's home in violation of the Fourth Amendment; (2) Defendants Lt. Steve Spadafora and Officer Sheldon Scott in their individual capacities for compensatory and punitive damages for the claim that they participated in the search of the Plaintiff's home and in his arrest in violation of the Fourth Amendment; and (3) Defendants Detective Stutsman, Randy Mockler, Indiana State Police Officer Aaron Campbell, and ATF Agents Bayne Bennett and Kyle Lerch in their individual capacities for compensatory and punitive damages for the claim that they conducted a

warrantless search of the Plaintiff's business in violation of the Fourth Amendment. Apr. 6, 2023 Op. & Ord., ECF No. 141.

On August 14, 2023, Defendants Bennett, Lerch, and Lessner filed a Joint Motion to Dismiss [No. 187]. The Plaintiff filed a response [ECF No. 229] on December 20, 2023, and the Defendants filed a reply [ECF No. 236] on January 10, 2024.

On March 7, 2024, the Plaintiff filed a first Verified Motion to Add Bayne Bennett as the Unknown Defendant Who Threw a Flash Bang Device in the Presence of a Child [ECF No. 291], to which he attached Exhibits 1–4, *see* ECF No. 291-1. Defendant Bayne Bennett filed a response [ECF No. 309] on March 26, 2024, highlighting that the Plaintiff had not attached a proposed second amended complaint to his motion, and the Plaintiff filed a reply [ECF No. 328] on April 8, 2024. Also, on April 8, 2024, the Plaintiff filed a second Plaintiff's Verified Motion to Add Bayne Bennett as the Unknown Defendant Who Threw a Flash Bang Device in the Presence of a Child [ECF No. 329] with the proposed second amended complaint attached.

On May 20, 2024, this case was stayed and statistically closed for the Court to fully review and justly rule on what was then sixteen pending motions. May 20, 2024 Ord., ECF No. 376. On January 30, 2025, the case was reassigned to the undersigned. Jan. 30, 2025 Ord., ECF No. 394.

On August 25, 2025, the Court entered an Opinion and Order [ECF No. 426]: (1) lifting the stay of these proceedings; (2) granting the Joint Motion to Dismiss [ECF No. 187] by Defendants Kyle Lerch, Wayne Lessner, and Bayne Bennett, dismissing with prejudice the claims (a) against Defendant Wayne Lessner in his individual capacity for compensatory and punitive damages for falsifying the search warrant application and participating in the search of the Plaintiff's home in violation of the Fourth Amendment and (b) against Defendants Bayne Bennett and Kyle Lerch in their individual capacities for compensatory and punitive damages on

the Plaintiff's claim that they conducted a warrantless search of his business in violation of the
Fourth Amendment; (3) ordering the Plaintiff to file by September 22, 2025, a summary
judgment response brief addressing why summary judgment should not be granted for
Defendants Detective Stutsman, Randy Mockler, and Indiana State Police Officer Aaron
Campbell on the claims for compensatory and punitive damages for conducting a warrantless
search of the Plaintiff's business in violation of the Fourth Amendment in light of the evidence
of a warrant for the search; (4) setting a deadline of October 6, 2025, for Defendants Detective
Stutsman, Randy Mockler, and Indiana State Police Officer Aaron Campbell to file a reply, if
any, in support of summary judgment on the Fourth Amendment claim against them for a
warrantless search of the Plaintiff's business; (5) denying as moot the Plaintiff's first Verified
Motion to Add Bayne Bennett as the Unknown Defendant Who Threw a Flash Bang Device in
the Presence of a Child [ECF No. 291]; and (6) denying the Plaintiff's second Verified Motion to
Add Bayne Bennett as the Unknown Defendant Who Threw a Flash Bang Device in the Presence
of a Child [ECF No. 329].

This matter is now before the Court on: (1) Maria Rodriguez's pro se Motion to Intervene
as of Right or, in the Alternative, for Permissive Intervention [ECF No. 404], filed on July 3,
2025; (2) Maria Rodriguez's pro se Motion to Intervene as of Right or, in the Alternative, for
Permissive Intervention on behalf of Minor R.R. [ECF No. 405], filed on July 3, 2025; (3) the
Plaintiff's Motion for Sanctions and Judicial Review [ECF No. 409], filed on August 5, 2025;
(4) the Plaintiff's Motion to Lift Stay and for Relief Under Rule 60(b)(3) [ECF No. 410], filed on
August 5, 2025; (5) the Plaintiff's Motion for Limited Discovery Requests [ECF No. 411], filed
on August 5, 2025; (6) Maria Rodriguez's pro se Motion to Set Aside Case Stay and Allow
Intervention Based on Newly Discovered Judicial Conflict of Interest [ECF No. 412], filed on
August 6, 2025; (7) Maria Rodriguez's Motion to Lift Stay for Limited Purpose of Considering

Intervention by R.R. [ECF No. 414], filed on August 6, 2025; (8) Maria Rodriguez's Alternative

Motion for Appointment of Counsel for Minor R.R. [ECF No. 416], filed on August 6, 2025;

(9) the Plaintiff's Motion for Judicial Notice and Production of Court Records [ECF No. 423],

filed on August 13, 2025; (10) the Court's consideration, sua sponte, of summary judgment on

the claim for a Fourth Amendment violation based on the purported warrantless search of the

Plaintiff's business, *see* ECF No. 426; (11) the Plaintiff's Objection to Magistrate Judge's Order

[ECF No. 428], filed on August 28, 2025; (12) the Plaintiff's Motion for Reconsideration Under

Rule 59(e) Manifest Errors of Law and Overlooked Material Evidence [ECF No. 430], filed on

September 8, 2025; (13) the Plaintiff's Motion for Reconsideration Motion to Add Defendant

Bayne Bennett [ECF No. 431], filed on September 8, 2025; (14) the Plaintiff's Motion for

Extension of Time, Request for *Franks* Hearing and Response Brief Addressing Why Summary

Judgement Should not be Granted to Defendants' in Light of Evidence of Warrant for the Search

[ECF No. 432], filed on September 8, 2025; (15) the Plaintiff's Objection to Magistrate Judge's

Discovery Orders' and Motion for Relief form Judicial Uncertainty [ECF No. 441], filed on

September 22, 2025; (16) the Plaintiff's Objection to Systematic Discovery Denial Pattern [ECF

No. 445], filed on October 6, 2025; (17) the Plaintiff's Motion to Take Judicial Notice of

Exhibits Relevant to Objection to Systematic Discovery Denial Pattern [ECF No. 446], filed on

October 6, 2025; (18) the Plaintiff's Motion for Extension of Time to File Objection to

Magistrate Judge's Order [ECF No. 456], filed on November 3, 2025; and (19) the Plaintiff's

Objection to Magistrate Judge's Order Denying Motions as Moot [ECF-455] [ECF No. 459],

filed on November 13, 2025.

I.     **SUA SPONTE RULING ON SUMMARY JUDGMENT ON THE WARRANTLESS SEARCH OF BUSINESS CLAIM IN FAVOR OF DEFENDANTS DETECTIVE STUTSMAN, RANDY MOCKLER, AND INDIANA STATE POLICE OFFICER AARON CAMPBELL AND AGAINST THE PLAINTIFF; AND MOTION FOR EXTENSION OF TIME, REQUEST FOR *FRANKS* HEARING AND RESPONSE BRIEF ADDRESSING WHY SUMMARY JUDGMENT SHOULD NOT BE GRANTED TO DEFENDANTS IN LIGHT OF EVIDENCE OF WARRANT FOR THE SEARCH [ECF NO. 432]**

In this case, the Plaintiff alleges in the controlling Amended Complaint, as is relevant here, that on November 2, 2016, Defendants Detective Stutsman, Randy Mockler, and Indiana State Police Officer Aaron Campbell violated the Fourth Amendment by conducting a warrantless search of his business. Am. Compl. ¶¶ 4, 5, 30, 31, ECF No. 136. For example, the Amended Complaint alleges, "Plaintiff is suing . . . Detective Stutsman for failure to obtain a warrant to search Plaintiff's place of business . . . [and] Randy Mockler for obtaining evidence and taking property from the business without a warrant." *Id.* ¶ 4. It also alleges, "Plaintiff is suing Aaron Campbell . . . for unreasonably damaging his property . . . a 2004 Chevy Silverado," *id.* ¶ 5, which was "listed under the Plaintiff's Sole Proprietorship business R and R Sales, addresses to the location to where this vehicle was damaged at," *id.* ¶ 31.

As is relevant here, on April 6, 2023, pursuant to 28 U.S.C. § 1915A, the Court screened the Amended Complaint and granted the Plaintiff leave to proceed against Defendants Detective Stutsman, Randy Mockler, Indiana State Police Officer Aaron Campbell, and ATF Agents Bayne Bennett and Kyle Lerch in their individual capacities for compensatory and punitive damages for his claim that they conducted a warrantless search of his business in violation of the Fourth Amendment. Apr. 6, 2023 Op. & Ord. 16, ECF No. 141.

On August 25, 2025, the Court dismissed the claim as to ATF Agents Bayne Bennett and Kyle Lerch. Aug. 25, 2025 Op. & Ord. 45, ECF No. 426. Also, in the August 25, 2025 Opinion and Order, because Defendants Bennett, Lerch, and Lessner attached to their Joint Motion to

Dismiss [ECF No. 187] an approved warrant application for the search of the Plaintiff's business

dated November 1, 2016, and signed by the Honorable Teresa Cataldo, Elkhart Superior Court 3,

Elkhart County, Indiana, Case No. 20D03-1611-MC- [ECF No. 188-3], the Court proposed

granting summary judgment in favor of Defendants Stutsman, Mockler, and Campbell and

against the Plaintiff on the Plaintiff's warrantless business search claim giving the Plaintiff

notice and an opportunity to respond and present his evidence and providing him with a copy of

Appendix C to the Local Rules for the Northern District of Indiana. Aug. 25, 2025 Op. & Ord.

46–47, ECF No. 426 (citing Att. A, ECF No. 426; Def. Att. 3, ECF No. 188-3).

 The Court ordered the Plaintiff to file by September 22, 2025, a summary judgment

response brief addressing why summary judgment should not be granted for

Defendants Detective Stutsman, Randy Mockler, and Indiana State Police Officer Aaron

Campbell on the claims for compensatory and punitive damages for conducting a warrantless

search of the Plaintiff's business in violation of the Fourth Amendment in light of the evidence

of a warrant for the search. *Id*. at 55. The Court additionally set a deadline of October 6, 2025,

for Defendants Detective Stutsman, Randy Mockler, and Indiana State Police Officer Aaron

Campbell to file a reply. *Id*.

 On September 8, 2025, the Plaintiff filed a Motion for Extension of Time, Request for a

*Franks* Hearing and Response Brief Addressing Why Summary Judgment Should Not Be

Granted to Defendants in Light of Evidence of Warrant for the Search. ECF No. 432. On

September 22, 2025, Defendant Aaron Campbell filed an Objection to Plaintiff's Motion for

Extension of Time. ECF No. 440. On October 3, 2025, Defendant Jeff Stutsman and Randy

Mockler filed a Reply in Support of Summary Judgment. ECF No. 442.

 The Fourth Amendment protects "[t]he right of the people to be secure in their persons,

houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV.

"At the very core stands the right of a man to retreat into his own home and there be free from unreasonable governmental intrusion. So it is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable." *Hawkins v. Mitchell*, 756 F.3d 983, 991–92 (7th Cir. 2014) (cleaned up). The Fourth Amendment's protection against warrantless searches extends to businesses. *Neita v. City of Chicago*, 830 F.3d 494, 499 (7th Cir. 2016) ("The Fourth Amendment's protection against warrantless searches extends to commercial properties, albeit to a lesser extent than private residences." (citation omitted)). In this case, as noted above, the Defendants have offered evidence of a search warrant for the Plaintiff's business on the date in question.

"A district judge is authorized to grant summary judgment to a party that has not requested it; [she] is not required to conduct a trial when there is no genuine issue of material fact, just because the parties . . . [did not] notice the absence of any triable issues." *Hunger v. Leininger*, 15 F.3d 664, 669 (7th Cir. 1994) (citation omitted). "However, 'granting summary judgment sua sponte warrants special caution' and generally requires that the party against whom summary judgment is entered have notice and an opportunity to present its evidence." *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009) (citation omitted). The Court finds that in this case the Plaintiff has been provided such notice and opportunity but has not pointed to evidence that creates a genuine dispute of material fact.

Instead, the Plaintiff requests an extension of time "due to the extensive and volume of undisclosed discovery still incomplete and recent discovered evidence revealing systematic misrepresentations in the search warrant affidavit that may invalidate the warrant entirely." ECF No. 432, p. 1. The Court finds that the Plaintiff's request is unreasonable as he seeks discovery on a claim other than the warrantless search of the business claim at issue.

In order for the Court to grant such a request for an extension of time, the Plaintiff must show "good cause" for the extension. Fed. R. Civ. P. 6(b)(1)(A). Here, not only is the proposed discovery for an invalid warrant claim based on a false affidavit—a claim that differs from the warrantless search of business claim at issue, *see Edwards v. Jolliff-Blake*, 907 F.3d 1052, 1061 (7th Cir. 2018) ("[A] warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue." (cleaned up)), but the Court did not grant the Plaintiff leave to proceed on such a claim. And the Plaintiff does not allege or otherwise indicate that a party to this case was the affiant for the search warrant affidavit attached to the warrant application for the search of the Plaintiff's business as would be required. Thus, the Court concludes that the Plaintiff has not shown good cause for an extension of time to complete discovery on an invalid warrant claim based on the attachment of a false affidavit to the application for the search of the Plaintiff's business.

To the extent the Plaintiff requests a *Franks* hearing, the Court also finds the request unreasonable. This is because even if there is justification for such a hearing in a civil matter, a *Franks* hearing is for a claim involving an affidavit with a material falsity or omission by the affiant, and there is no such claim involving the affidavit attached to the application for the warrant for the search of the Plaintiff's business in this case—as just discussed—and the Plaintiff has not established the requisite substantial preliminary showing. *See United States v. Maxwell*, 143 F.4th 844, 854 (7th Cir. 2025) ("To obtain a *Franks* hearing, a [movant] 'must make a substantial preliminary showing of (1) a material falsity or omission that would alter the probable cause determination, and (2) a deliberate or reckless disregard for the truth.'" (citation omitted)).

To the extent the Plaintiff additionally asserts that his claim against Defendant Campbell is instead for damages based on the search at the Plaintiff's *residence*, summary judgment on such a claim is not an issue currently before the Court. Also, the Court notes that in his response, the Plaintiff clarifies that he is no longer asserting that Defendant Campbell was at the search of the Plaintiff's business. To the extent the Plaintiff asserts that his claim against Defendants Stutsman and Mockler is instead that "[t]he systematic pattern of warrant defects was so obvious that reasonable officers should have questioned the validity," ECF No. 432, p. 9, summary judgment on such a claim is also not an issue currently before the Court. Nor has the Plaintiff been granted leave to proceed on either claim. "[A] district court retains discretion to treat new claims presented for the first time in briefing as a constructive motion to amend[,] [i]t will rarely be appropriate to do so." *Schmees v. HC1.COM, Inc*., 77 F.4th 483, 490 (7th Cir. 2023). Here, the Plaintiff does not state that he is seeking leave to amend his Amended Complaint or address why treating the Plaintiff's claims against Defendants Campbell, Stutsman, and Mockler as such would be appropriate. Thus, the Court need not address the Plaintiff's assertions about the two proposed new claims.

Accordingly, the Court denies the Plaintiff's Motion for Extension of Time, Request for a *Franks* Hearing and Response Brief Addressing Why Summary Judgment Should Not Be Granted to Defendants in Light of Evidence of Warrant for the Search [ECF No. 432]. And the Court sua sponte grants summary judgment in favor of Defendants Detective Stutsman, Randy Mockler, Indiana State Police Officer Aaron Campbell and against the Plaintiff as to the claim that they conducted a warrantless search of the Plaintiff's *business* because the evidence of record shows that they had a warrant for the search. To the extent that, in his response, the Plaintiff discusses a Fourteenth Amendment claim against Defendant Campbell, the Court need

not address the claim because it previously dismissed such a claim in its April 6, 2023 Screening Order. *See* Apr. 6, 2023 Op. & Ord. 14–15, ECF No. 141.

## II.    MOTION TO INTERVENE AS OF RIGHT OR, IN THE ALTERNATIVE, FOR PERMISSIVE INTERVENTION [ECF NO. 404]; MOTION TO INTERVENE AS OF RIGHT OR, IN THE ALTERNATIVE, FOR PERMISSIVE INTERVENTION ON BEHALF OF MINOR R.R. [ECF NO. 405]; MOTION TO SET ASIDE CASE STAY AND ALLOW INTERVENTION BASED ON NEWLY DISCOVERED JUDICIAL CONFLICT OF INTEREST [ECF NO. 412]; PRO SE MOTION TO LIFT STAY FOR LIMITED PURPOSE OF CONSIDERING INTERVENTION BY R.R. [ECF NO. 414]; AND ALTERNATIVE MOTION FOR APPOINTMENT OF COUNSEL FOR MINOR R.R. [ECF NO. 416][1]

Maria Rodriguez—married to the Plaintiff during the time period relevant to the instant action and now the ex-wife of the Plaintiff—previously in January of 2022 filed, pro se, an unsigned Motion to Intervene on behalf of herself and her minor child R.O.R., ECF No. 97, and then she filed a signed Motion to Intervene on behalf of herself and her minor child R.O.R., ECF No. 99. On February 8, 2022, Magistrate Judge Michael G. Gotsch, Sr. entered an order denying the motions. *See* Feb. 8, 2022 Ord., ECF No. 104. In denying those motions, Judge Gotsch held:

> Here, the events at issue in this case arose more than five years ago on November 2, 2016. This case was filed more than three years ago on November 5, 2018. . . . The mother's motions say she recently viewed discovery and learned "who was in charge of executing a search," but they do not say who she believes was in charge, what discovery provided her with this information, nor why learning who was in charge was necessary before she sought to intervene. Her motions do not explain when she first knew about the search nor what she did since then to pursue the claims she seeks to raise now.
>
> These motions have numerous procedural deficiencies and do not comply with Rule 24. However, even if all of the technical problems were cured and the motions had been filed by lawyers, they are simply too vague for the court to conduct the necessary review to determine if intervention could be possible in this case.

*Id.*

---

[1] On September 22, 2025, Defendants Scott and Spadafora filed a response [ECF No. 436] to ECF Nos. 404 and 412 and a separate response [ECF No. 437] to ECF Nos. 405, 414, and 416, to which Maria Rodriguez filed replies [ECF Nos. 451, 452] on October 16, 2025.

Almost three and a half years later, on July 23, 2025, Maria Rodriguez filed a Motion to Intervene as of Right or, in the Alternative, for Permissive Intervention, ECF No. 404, again requesting permission to intervene as a plaintiff in the instant action because her motion is timely, she has an interest in the subject matter, her interest would be impaired if not permitted, and representation by the Plaintiff, Enedeo Rodriguez, Jr., is not adequate, or alternatively, because her claims share a common question of law or fact with the main action.[2] She attaches a corresponding proposed Complaint in Intervention. *See* ECF No. 404-1.

Also on July 3, 2025, Maria Rodriguez filed a Motion to Intervene as of Right or, in the Alternative, for Permissive Intervention on Behalf of Minor R.R., ECF No. 405, making similar arguments on behalf of her minor child R.R. to those raised on behalf of herself in ECF No. 404. She additionally attaches a corresponding proposed Complaint in Intervention. *See* ECF No. 405-1.

On August 6, 2025, Maria Rodriguez filed a Motion to Set Aside Case Stay and Allow Intervention Based on Newly Discovered Judicial Conflict of Interest, ECF No. 412, asserting that the former presider over this case, Judge DeGuilio, had a significant conflict of interest preventing fair consideration of her rights because he signed wiretap orders involving the investigation of Enedeo Rodriguez, Jr., the Plaintiff in this case. She also asserts that it has come to her attention that Bayne Bennett has been identified as the Defendant who threw the flash-bang grenade in her child's presence. And she makes similar assertions on behalf of R.R. in the Pro Se Motion to Lift Stay for Limited Purpose of Considering Intervention by R.R. also filed on August 6, 2025. *See* ECF No. 414. She additionally raises an argument based on her pro se status and her relationship to R.R. as the child's mother. *See id*.

---

[2] Because Maria Rodriguez does not indicate otherwise, the Court considers R.O.R. and R.R. to be the same minor child of Maria Rodriguez.

Because Judge Gotsch previously ruled in February 2022 on Maria Rodriguez's January 2022 requests for permission to intervene, the Court construes the July 2025 and August 2025 filed requests for permission to intervene as motions for reconsideration of Judge Gotsch's February 2022 Order denying intervention. Although Maria Rodriguez does not identify the basis for her motions, a motion for reconsideration based on a final order may generally be brought pursuant to Rule 59(e) or Rule 60(b), depending on how much time passed before the movant filed the motion. *See State v. City of Chicago*, 912 F.3d 979, 984 (7th Cir. 2019) ("Because denial of a motion to intervene essentially ends the litigation for the movant, such orders are final and appealable." (citing *Reich v. ABC/York-Estes Corp.*, 64 F.3d 316, 321 (7th Cir. 1995))); *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992). However, under either Rule 59(e) or Rule 60(b), Maria Rodriguez's motions are untimely as they were filed well over three years after Judge Gotsch's February 2022 order without justification. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."); Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules . . . 59 . . . (e), and 60(b)."); *Webb v. Fillipitch*, No. 20 C 5828, 2025 WL 2057949, at *2 (N.D. Ill. June 20, 2025) ("Courts, however, routinely find that it is unreasonable for a plaintiff to wait over three months to bring [] Rule 60(b) motions—even when the plaintiff is pro se." (citing *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986); *United States v. Lyman*, 166 F.3d 349, at *5 (10th Cir. 1998); *Smith v. Ruzzo*, No. 07-450, 2009 WL 349162, at *3 (D.N.J. Feb. 9, 2009); *Corder v. Sebastian*, No. 10 C 1927, 2025 WL 947886, at *4 (N.D. Ill.

Mar. 28, 2025); *Miedzianowski v. United States*, No. 06 C 5629, 2017 WL 1954543, at *4 (N.D. Ill. May 3, 2017))).

Even if the motions were not untimely, Maria Rodriguez has not justified reconsideration of Judge Gotsch's February 2022 order denying intervention under either Rule 59(e) or Rule 60(b). "Rule 59(e) allows a court to alter or amend a judgment only if the [plaintiff] can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008) (citation omitted). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). "To support a motion for reconsideration based on newly discovered evidence, the moving party must show not only that this evidence was newly discovered or unknown to it until after the [decision], but also that it could not with reasonable diligence have discovered and produced such evidence during the pendency of the motion." *Id.* at 1269 (cleaned up).

Generally, "Rule 60 relief is limited to 'extraordinary' situations where a judgment is the inadvertent product of 'special circumstances and not merely [the] erroneous application[] of law.'" *Kennedy v. Schneider Elec.*, 893 F.3d 414, 419 (7th Cir. 2018) (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)); *see McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) ("It is very well established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." (cleaned up)).

Here, Maria Rodriguez does not identify any controlling precedent that Judge Gotsch disregarded, misapplied, or failed to recognize in his analysis of the arguments she made in her motions. Nor does she identify any exceptional circumstances. There is no indication that Judge DeGuilio was involved in Judge Gotsch's decision. As to Bayne Bennett's recent identification, there is no indication that the lack of his identification had any bearing on Judge Gotsch's decision or that Bennett's identification would have been necessary for establishing intervention as of right or permissive intervention by Maria Rodriguez or R.R. at the time of her January 2022 motions. To the extent that Maria Rodriguez also makes several arguments under Rule 24(a) and Rule 24(b), there is also no indication that she could not have made these arguments at the time of her January 2022 motions to intervene or that the arguments include a newly discovered fact that would have been relevant to the February 2022 order. To the extent that Maria Rodriguez additionally argues that, under *Troxel v. Granville*, 530 U.S. 57 (2000), she should receive additional consideration as a parent appearing pro se, she does not address any corresponding manifest error of law or fact that the Court made in its past order denying the motions to intervene nor does she identify a corresponding newly discovered fact or otherwise explain how her *Troxel* argument designates a special circumstance. Therefore, Maria Rodriguez has not provided a basis for reconsideration of Judge Gotsch's order denying the January 2022 motions to intervene under either Rule 59(e) or Rule 60(b).

Accordingly, the Court denies Maria Rodriguez's Motion to Intervene as of Right or, in the Alternative, for Permissive Intervention [ECF No. 404], Motion to Intervene as of Right or, in the Alternative, for Permissive Intervention on Behalf of Minor R.R. [ECF No. 405], Motion to Set Aside Case Stay and Allow Intervention Based on Newly Discovered Judicial Conflict of Interest [ECF No. 412], and the Pro Se Motion to Lift Stay for Limited Purpose of Considering Intervention by R.R. [ECF No. 414]. Thus, the Court need not address Defendants Scott and

Spadafora's arguments and Maria Rodriguez's arguments on whether the motions as to R.R. should be denied because Maria Rodriguez may not bring a motion on behalf of R.R. without the assistance of counsel due to R.R.'s status as a minor.[3] Therefore, the law of the case is that Maria Rodriguez and R.R. have been denied permission to intervene as of right and permissive intervention in the instant action. As a result, the Court denies as moot the Alternative Motion for Appointment of Counsel for Minor R.R. [ECF No. 416].

### III. MOTION FOR RECONSIDERATION MOTION TO ADD DEFENDANT BAYNE BENNETT [ECF NO. 431] AND PLAINTIFF'S MOTION FOR RECONSIDERATION UNDER RULE 59(E) MANIFEST ERRORS OF LAW AND OVERLOOKED MATERIAL EVIDENCE [ECF NO. 430][4]

### A. Legal Standard

Although the Plaintiff requests reconsideration of the Court's August 25, 2025 Opinion and Order denying leave to amend the Amended Complaint to identify Bennett as the officer who threw the flash-bang grenade and dismissing the claims against Defendants Bennett, Lerner, and Lessner, ECF No. 426, under Federal Rule of Civil Procedure 59(e), and Defendants Bennett, Lerner, and Lessner agree that Rule 59(e) is applicable, "Rule 59 is not the right

---

[3] The Court notes that the Seventh Circuit Court of Appeals has held in the Plaintiff's prior appeal in this case:

> Rodriguez next continues his efforts to make his daughter a plaintiff, but the district court did not abuse its discretion by not permitting him to join his daughter or not recruiting counsel for her. *See Cook County v. Texas*, 37 F.4th 1335, 1341 (7th Cir. 2022). A nonlawyer cannot represent another person, even his own child, in most lawsuits. *See Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010) (noting § 1983 claims are not among the few exceptions to this rule). And Rodriguez's minor daughter lacks capacity to adopt Rodriguez's filings as her own without a representative. *See* Fed. R. Civ. P. 17(b)(1).

*Rodriguez*, 2022 WL 4534787, at *3.

[4] Bennett filed a response [ECF No. 450] to ECF Nos. 430 and 431 on October 15, 2025, and the Plaintiff filed a reply [ECF No. 454] on October 17, 2025. However, the Plaintiff's reply, ECF No. 454, applies to his Motion for Reconsideration of Motion to Add Defendant Bayne Bennett, ECF No. 431, and the Court addresses that reply under its consideration of that motion. The record also indicates that Defendants Bennett, Lerch, and Lessner were not served with the motions by the Plaintiff, and the Defendants filed a response as soon as they were made aware of the filing. The Plaintiff does not raise any issue as to the timing of the Defendants' response.

procedural hook for seeking reconsideration of a nonfinal order." *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). Here, the August 25, 2025 Opinion and Order did not dismiss all claims in this action; thus, it was a nonfinal order.

A motion to reconsider a nonfinal "order may be entertained and granted as justice requires." *Akzo Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1160 (N.D. Ind. 1995) (citations omitted); *see Galvan v. Norberg*, 678 F.3d 581, 587 (7th Cir. 2012) (explaining that the court has discretionary authority to reconsider a non-final order under Federal Rule of Civil Procedure 54(b)). Nevertheless, courts apply the same standard for a motion to amend or alter judgment under Rule 59(e) and a motion to reconsider a non-final order. *See Ahnert v. Emps. Ins. Co. of Wausau*, Nos. 10-CV-156, 13-CV-1456, 2018 WL 2048379, at *3–4 (E.D. Wis. May 2, 2018) (collecting cases). The Seventh Circuit Court of Appeals has cautioned that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publishers Res. Inc. v. Walker-Davis Publ'ns, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (citation omitted); *see also Caisse Nationale de Credit Agricole*, 90 F.3d at 1269. Again, as noted above, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto*, 224 F.3d at 606 (citation omitted). "Disposition of a motion for reconsideration is left to the discretion of the district court." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1270 (citation omitted).

**B.     Reconsideration of the Court's Opinion and Order Denying the Plaintiff's Request for Leave to Amend the Amended Complaint to Identify Bayne Bennett as the Officer that Deployed a Flash-Bang Grenade [ECF No. 431]**

The Plaintiff asserts that the Court should reconsider the August 25, 2025 Opinion and Order, ECF No. 426, denying his request for leave to amend his Amended Complaint to identify Bayne Bennett as the ATF officer who violated the Plaintiff's Fourth Amendment rights by

deploying a flash-bang grenade in the presence of the Plaintiff's child. According to the Plaintiff, the Court erroneously characterized the Plaintiff's claim as a derivative injury rather than an independent Fourth Amendment violation. The Plaintiff asserts that it is his "independent right to have searches of his residence conducted reasonably under Fourth Amendment standards." ECF No. 431, p. 3. The Plaintiff also asserts that "Bennett's deployment of military-style devices during a non-violent investigation violates Plaintiff's constitutional rights regardless of specific injuries to family members." *Id*.

On screening of the Amended Complaint following remand, Judge DeGuilio, presiding over this case at that time, read the Amended Complaint to allege, "The grenade hit Mr. Rodriguez in the elbow, injuring him, and landed inches away from the child where it exploded." Apr. 6, 2023 Op. & Ord. 9, ECF No. 141. Further review of the Amended Complaint reveals that the Plaintiff instead alleges the injury occurred during his arrest: "The plaintiff suffered injury to his upper right arm and was struck with the butt end of a riffle after he was hand cuffed (zip-tied)." Am. Compl. ¶ 27, p. 15, ECF No. 136. As to the flash-bang grenade, the Plaintiff alleges, "Sadly, on the other side of that large picture window, laid a small one year child [R.O.R.] asleep while those officers decided to throw a flash-bang grenade in her direction." *Id*. He also alleges that the child "suffered hearing trauma and has had complications with a cough (asthma like symptoms) as well as trauma directly from the excessive force by the South Bend SWAT Team." *Id*. However, as set forth above in Part II above, R.O.R.—the Plaintiff's minor daughter—is not a party to the instant action.

Thus, in order for the Plaintiff to allege a plausible claim for a Fourth Amendment injury based on excessive force by Bennett, the Plaintiff must allege that Bennett applied some unreasonable physical force or conduct to the Plaintiff. *See McNair v. Coffey*, 279 F.3d 463, 467 (7th Cir. 2002) ("*Graham*, the Court's authoritative discussion of excessive force, repeatedly

says or assumes that there cannot be excessive force without some force, referring variously to physically abusive governmental conduct, physical force, and force applied to a suspect." (cleaned up)); *Watson v. Metro. Enf't Grp. of S. Ill. Megsi*, No. 3:22-CV-2555, 2023 WL 158927, at *2 (S.D. Ill. Jan. 11, 2023) ("To survive a motion to dismiss, a claim of excessive force must allege some force, some physically abusive governmental conduct, some physical force, applied to a suspect." (cleaned up)); *Townsel v. Jamerson*, 240 F. Supp. 3d 894, 904 (N.D. Ill. 2017) ("Plaintiff must only allege that some physical force was employed and that the officer was unreasonable in exerting that force. When viewed in the light most favorable to him, Plaintiff's allegation that he was physically assaulted in custody is sufficient to survive Defendants' Rule 12(b)(6) challenge." (citing *McNair*, 279 F.3d at 467; *Chriswell v. Vill of Oak Lawn*, No. 11 C 00547, 2013 WL 5903417, at *8 (N.D. Ill. Nov. 4, 2013); *Bernal v. Johnson*, No. 13-CV-6726, 2014 WL 4976212, at *4 (N.D. Ill. Sept. 25, 2014)) (cleaned up)); *Est. of Escobedo v. Bender*, 600 F.3d 770, 780 (7th Cir. 2010) ("In the end, the excessive force inquiry looks to whether the force used to seize the suspect was excessive in relation to the danger he posed—to the community or to the arresting officers—if left unattended." (cleaned up)).

Nevertheless, the Plaintiff points to no such allegations in his Amended Complaint nor does he otherwise indicate that, through the use of a flash-bang grenade, Bennett applied the purported excessive force to the Plaintiff, caused him disorientation, or damaged his property or that Bennett was involved in the Plaintiff's arrest. Therefore, even in viewing the allegations in the light most favorable to the Plaintiff, there is no plausible claim by the Plaintiff for a constitutional injury based on the violation of the Fourth Amendment due to Bennett's use of excessive force because the Plaintiff has not alleged that he was the victim of physically abusive government conduct by Bennett. Nor does the Plaintiff set forth any newly discovered fact that would support his claim for excessive force against Bennett. Thus, the Court made no manifest

error of law or fact in the August 25, 2025 Opinion and Order.

To the extent the Plaintiff suggests the Court made a manifest error of law because he has a plausible a constitutional injury under the Fourth Amendment for himself based on his allegation of excessive force applied by Bennett to his minor child, the Plaintiff cites no pertinent legal authority in support of such a constitutional injury for himself. *See McNair*, 279 F.3d at 467 ("Treating the fourth amendment as anticipating the torts of negligent and intentional infliction of emotional distress would have even less support."). Nor does he cite any pertinent legal authority applying a different standard for excessive force claims brought under the Fourth Amendment based on an unreasonable search compared to those based on an unreasonable seizure.

Instead, the Plaintiff incorrectly asserts that three cases establish that deployment of a flash-bang grenade in a home with young children constitutes a plausible excessive force claim by the parent: (1) *Sheehan v. City and County of San Francisco* dealt with an excessive force claim brought by a mentally ill woman in her mid-50s who was shot by law enforcement, not a parent bringing a claim based on a flash-bang grenade in a home with young children, 743 F.3d 1211, 1215 (9th Cir. 2014); (2) *Estate of Lopez v. Gelhaus* involved an excessive force claim brought by the estate of a thirteen-year-old who was carrying a gun that looked like an AK-47 when he was fatally shot by a sheriff's deputy, 871 F.3d 998, 1001 (9th Cir. 2017); and (3) *Kopf v. Wing* detailed a claim for excessive force based on the use of a police dog and a blackjack during an arrest originally brought by the victim, who was later killed in a prison fight and was substituted by his mother as his personal representative, 942 F.2d 265, 266–67 (4th Cir. 1991). In his reply, the Plaintiff additionally cites *Estate of Booker v. Gomez*, 745 F.3d 405, 409 (10th Cir. 2014), which involved a claim for excessive force by Marvin Booker's estate based on Booker's death during the booking for his arrest when for alleged insubordination several officers pinned

him to the ground, one officer placed him in a chokehold, and another tased him. These cases do not establish or even suggest a plausible claim for a constitutional injury under the Fourth Amendment by a parent based on an allegation of excessive force applied by an officer to their minor child.

Accordingly, the Court finds no manifest error of law or fact or a newly discovered fact related to the Plaintiff's motion for leave to amend the Amended Complaint to identify Bennett as the officer who threw the flash-bang grenade and, thus, denies the Plaintiff's Motion for Reconsideration Motion to Add Defendant Bayne Bennett [ECF No. 431]. Because the Plaintiff's daughter's motions for reconsideration of her requests for intervention have been denied above, the Court need not address the Plaintiff's arguments that presume those motions would be granted. To the extent the Plaintiff raises arguments about the claim against Defendants Scott and Spadafora, a request for a *Franks* hearing, three versions of Lessner's affidavit in support of the application for the search warrant for the Plaintiff's residence, and Defendant Bennett's employment status as a federal or municipal employee, the Court need not address those arguments because they are not relevant to the reconsideration of the Court's August 25, 2025 Opinion and Order denying the Plaintiff leave to amend the Amended Complaint to include an excessive force claim by him against Bennett. The Court also need not address the Plaintiff's mischaracterization of its holding as to the Plaintiff's motion for leave to amend where he asserts that the Court analyzed the proposed excessive force claim against Bennett under *Bivens* because the Court did not engage in any such analysis.

**C.    Reconsideration of the Court's Opinion and Order Granting the Motion to Dismiss of Defendants Bennett, Lerch, and Lessner [ECF No. 430]**

In this case, as highlighted by Defendants Bennett, Lerch, and Lessner, the Plaintiff has not justified reconsideration of the Court's order dismissing the claims against them.

Specifically, the Plaintiff's first, second, and third arguments involve allegations about a warrantless search of the Plaintiff's residential curtilage. For example, the Plaintiff argues that "[t]he Court's extensive reliance on Defendant Lessner's affidavit inadvertently confirms that investigators conducted warrantless searches of Plaintiff's residential curtilage." ECF No. 430, p. 2. However, in this case, there was not a claim dismissed related to a Fourth Amendment violation based on the warrantless search of the Plaintiff's residential curtilage. Nor is there any such claim in the Plaintiff's Amended Complaint, and there was no such argument raised in the Plaintiff's response to the Defendants' Motion to Dismiss. Also, there is no indication that the search of the Plaintiff's residential curtilage involves a newly discovered fact. Therefore, the Court declines to reconsider its grant of the Motion to Dismiss filed by Defendants Bennett, Lerch, and Lessner based on these "curtilage" arguments.

The Plaintiff's fourth, fifth, and sixth arguments focus on what he asserts is inconsistent legal authority for electronic surveillance comparing "trial testimony" to Defendant Lessner's affidavit statements. His seventh, eighth, ninth, and sixteenth arguments are based on the fruit of the poisonous tree doctrine. The Plaintiff's tenth argument is that the Court overlooked evidence that a confidential source testified in a separate proceeding that she did not know the Plaintiff. And the Plaintiff's twelfth argument is that the pattern of confidential source fabrication requires full discovery.

However, the Plaintiff does not relate any of these arguments to the legal standard for a claim that the Court dismissed in its August 25, 2025 Opinion and Order let alone explain how the Court erroneously applied a legal standard. Nor does the Plaintiff identify any newly discovered fact or identify a manifest error of fact. Therefore, the Court also declines to reconsider its grant of the Motion to Dismiss filed by Defendants Bennett, Lerch, and Lessner

based on these "inconsistent legal authority," "fruit of the poisonous tree," "confidential source testimony," and "fabrication" arguments.

Additionally, as to the Plaintiff's tenth argument about the first confidential source's testimony in another matter that she did not know the Plaintiff, contrary to the Plaintiff's assertion, in the August 25, 2025 Opinion and Order, the Court addressed the allegation:

> To the extent the Plaintiff raises various other allegations and assertions connected to the CSs, the Court has reviewed them all. However, most do not identify inaccurate information from a CS that Defendant Lessner included in the affidavit nor do most identify an omission related to the credibility of at least one of the CSs. For the allegations and assertions that did, the Plaintiff does not develop any of these to explain a reason why including the inaccurate or omitted information would have made a difference in the federal magistrate judge's decision to issue the search warrant.

Aug. 25, 2025 Op. & Ord. 18–19, ECF No. 426 (footnote omitted).

As a reminder, as to the first confidential source in Lessner's affidavit, the Court explained:

> Defendant Lessner's affidavit also included statements from a first confidential source (CS) and a second CS. According to the affidavit, as to the first CS, Defendant Lessner was aware of a debriefing of an EC-ICE documented CS by EC-ICE investigators that occurred in 2016 about the Plaintiff and alleged narcotics trafficking. *Id*. ¶ 9. Specifically, during the debrief, the CS referenced a person whom the CS knew as Casper advising that Casper drives a black Dodge Challenger and a white Yukon Denali and owns R&R Auto Sales in Elkhart, Indiana. *Id*. The affidavit noted that Defendant Lessner knew through the ongoing investigation into the Plaintiff that Casper was the Plaintiff and that he also knew the Plaintiff to previously have a state of Indiana license plate that read CASPER. *Id.*
>
> The affidavit reported that the first CS stated that the Plaintiff supplies multiple persons with methamphetamine, sells an ounce for $250.00, receives methamphetamine from Mexico that comes into the United States in liquid form, had possessed and sold green colored methamphetamine at one time, and maintains significant quantities of U.S. currency at his New Paris, Indiana residence. *Id*. ¶¶ 9–10. The affidavit reported that the CS also stated that the CS had taken a Hispanic male associate to obtain methamphetamine from the Plaintiff at R&R Auto Sales. *Id*. ¶ 10. The affidavit noted that Defendant Lessner knew that R&R Auto is recorded with the Indiana Secretary of State as R N R Auto Sales Inc., business ID: 2016032200103, and the incorporator of the business is listed as the Plaintiff. *Id.*

*Id*. at 14.

Notably, the Plaintiff does not address how the testimony of the person he asserts is the first confidential source plausibly supports an allegation that Defendant Lessner knew or should have known of the testimony or that the first confidential source did not know the Plaintiff in light of what Lessner stated in his affidavit about the first confidential source. Lessner's statements show that he reasonably believed that the first confidential source had some knowledge of the Plaintiff. The Court also notes that the Plaintiff's tenth argument is not well-taken because the Plaintiff states in another filing in the instant case that the first confidential source's testimony took place in Elkhart County under Case No. 20D05-2107-SC-001117, *see* ECF No. 454, p. 6, which is a case that did not open until July 22, 2021—almost five years after Lessner filed his affidavit; plus the Plaintiff provides no context for the purported testimony in that he does not explain what the first confidential source meant by "not knowing" the Plaintiff.[5]

The Plaintiff's eleventh argument repeats his assertion that Lessner fabricated the second confidential source's information because two different officers claim credit for the contact with that source. "[M]otions for reconsideration are not to be used to advance arguments that the Court has already addressed and decided." *Doe v. Barber*, No. 3:23-CV-658, 2025 WL 2938531, at *5 (N.D. Ind. Oct. 15, 2025) (citations omitted). In this case, the Court already addressed the Plaintiff's "two different officers claim credit" assertion in the August 25, 2025 Opinion and Order, which the Court rejected in denying the Defendants' Motion to Dismiss. *See* Aug. 25, 2025 Op. & Ord. 21–22, ECF No. 426. Therefore, the Court finds that the repeated "second confidential source" argument is not a proper basis for reconsideration.

The Plaintiff's thirteenth argument is that Lessner fabricated warrant authority in his affidavit because he stated that the there was a federal warrant for the GPS data and cell tower

---

[5] The Court takes judicial notice of the date Case No. 20D05-2107-SC-001117 in Elkhart County was opened, available at https://public.courts.in.gov/MyCase/#/vw/Search. *See* Fed. R. Evid. 201.

information for the cell phone known to possessed by the Plaintiff while other officers testified under oath that they operated under court orders, not warrants. The Plaintiff's "federal warrant versus orders" argument is waived because it was not raised in the Plaintiff's response to the Defendants' Motion to Dismiss. *See Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009) ("Perfunctory, undeveloped arguments without discussion or citation to pertinent legal authority are waived."). Even if it had not been waived, the Plaintiff does not assert whether Defendant Lessner knew or should have known that other officers referred to court orders or explain how the fact that the other officers' reference to "court orders" instead of "warrants" would have been material to Judge Gotsch's probable cause determination. *See Edwards*, 907 F.3d at 1061. The Court also notes that the Plaintiff's argument is not well-taken because he attached the federal warrant signed by Judge Gotsch to his response to the Defendants' Motion to Dismiss. *See* ECF No. 229-1, pp. 27–42 of 143. Therefore, the Court declines to reconsider its grant of the Motion to Dismiss filed by Defendants Bennett, Lerch, and Lessner based on the Plaintiff's "federal warrant versus court order" argument.

The Plaintiff's fourteenth and fifteenth arguments repeat surveillance activities by Lessner in December 2015 that the Court already addressed. *See* Aug. 25, 2025 Op. & Ord. 34–38, ECF No. 426. Therefore, the Court finds that the arguments involving Lessner's surveillance in December of 2015 are not a proper basis for reconsideration.

The Plaintiff's seventeenth argument is that there is a question about which warrant affidavit of Lessner the judge relied on for his probable cause determination because, according to the Plaintiff, there are three versions: September 1, 2016 (sealed), August 2016, and a Pen Register Order. His eighteenth argument is that the Court cannot assume that the sealed affidavit was operational. However, the arguments are waived because the Plaintiff's response to the Defendants' Motion to Dismiss does not contain such arguments, *see Mahaffey*, 588 F.3d at

1146, and the Amended Complaint does not contain corresponding allegations. Also, the Plaintiff does not relate these arguments to the legal standard for a claim that the Court dismissed in its August 25, 2025 Opinion and Order let alone explain how the Court erroneously applied such a legal standard. The Court additionally notes that the Plaintiff's arguments are not well-taken because he attached to his response to the Defendants' Motion to Dismiss the warrant application for the search of his residence, which shows that there was only one affidavit attached and that was signed by Lessner and Judge Gotsche on October 31, 2016. *See* ECF No. 229-1, pp. 84–103 of 143. Therefore, the Court declines to reconsider its grant of the Motion to Dismiss filed by Defendants Bennett, Lerch, and Lessner based on these "three affidavit versions" and "cannot assume" arguments.

The Plaintiff's nineteenth, twentieth, twenty-first, and twenty-second arguments are that the Court improperly dismissed the claims against Defendants Bennett, Lerch, and Lessner with prejudice because, according to the Plaintiff, he could cure the deficiencies with discovery. The Plaintiff waived this argument because he did not raise it in his response to the Defendants' Motion to Dismiss. *See Mahaffey*, 588 F.3d at 1146. Even if it were not waived, the Plaintiff still offers no facts sufficient to state a claim against Defendants Bennett, Lerch, and Lessner and does not identify any error with the Court's rulings in its August 25, 2025 Opinion and Order on the Motion to Dismiss filed by Defendants Bennett, Lerch, and Lessner. Thus, the Court declines to find the assertion that the Plaintiff could cure the deficiencies with discovery as a basis for reconsideration.

To the extent that the Plaintiff's twenty-first argument additionally is based on his incorrect assertion that the Court ruled that there would still be probable cause even if all of Lessner's affidavit statements were fabricated, the Court declines to find the Plaintiff's incorrect assertion as a basis for reconsideration.

Accordingly, the Court denies the Plaintiff's Motion for Reconsideration Under Rule 59(e) Manifest Errors of Law and Overlooked Material Evidence [ECF No. 430].

## IV.    MOTION FOR SANCTIONS AND JUDICAL REVIEW [ECF NO. 409]; LIMITED DISCOVERY REQUESTS [ECF NO. 411]; AND MOTION FOR JUDICIAL NOTICE AND PRODUCTION OF COURT RECORDS [ECF NO. 423][6]

At this point in the litigation, the Plaintiff only has leave to proceed against Defendants Lt. Steve Spadafora and Officer Sheldon Scott in their individual capacities for compensatory and punitive damages for his claims that they participated in the search of his home and in his arrest in violation of the Fourth Amendment. In his (1) Motion for Sanctions and Judicial Review [ECF No. 409], (2) Limited Discovery Requests [ECF No. 411], and (3) Motion for Judicial Notice and Production of Court Records [ECF No. 423], the Plaintiff makes several requests but does not relate those requests to the instant case's two remaining Defendants or to the remaining claims against them for violating the Fourth Amendment. Thus, the Court denies the motions.

## V.    MOTION TO LIFT STAY AND FOR RELIEF UNDER RULE 60(b)(3) [ECF NO. 410][7]

As Judge Martin previously denied as moot the request to lift the stay, the Court considers only the relief sought under Rule 60(b)(3). Pursuant to Federal Rule of Civil Procedure 60(b)(3), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To obtain relief under Rule 60(b)(3), a party must show that [he] has a meritorious claim that [he] was prevented from 'fully and fairly presenting' at trial as a result of the adverse party's fraud,

---

[6] Defendants Scott and Spadafora filed a response [ECF No. 438] to ECF Nos. 411 and 423 on September 22, 2025. The Plaintiff has not filed a reply, and the time to do so has passed.
[7] Defendants Scott and Spadafora also addressed ECF No. 410 in their response [ECF No. 438] filed on September 22, 2025. The Plaintiff filed a reply [ECF No. 444] on October 6, 2025.

misrepresentation, or misconduct." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 758–59 (7th Cir. 2010) (quoting *Ty Inc. v. Softbelly's Inc.*, 353 F.3d 528, 536 (7th Cir. 2003); *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995)).

In this case, the Plaintiff seeks relief under Rule 60(b)(3) by raising several issues involving various judges and AUSA Frank E. Schaffer. He brings up wiretap evidence availability, undisclosed judicial conflicts, inconsistent statements about evidence availability, and suspicious document modifications asserting this shows fraud on the Court. However, the Plaintiff does not attribute any issue to the current presider, an adverse party, final judgment, order, or proceeding, in this case. To the extent that the Plaintiff also requests that the Court lift the May 20, 2024 stay of this case, *see* ECF No. 376, Magistrate Judge John E. Martin recently denied the request as moot in light of the Court's August 25, 2025 Opinion and Order lifting the stay. Oct. 10, 2025 Ord., ECF No. 455.

Accordingly, the Court denies the Plaintiff's Motion to Lift Stay and for Relief Under Rule 60(b)(3) [ECF No. 410]. Thus, the Court denies as moot the Plaintiff's additional requests for relief, which presume his entitlement to relief under Rule 60(b)(3).

**VI. OBJECTION TO MAGISTRATE JUDGE'S ORDER [ECF NO. 428]; PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S DISCOVERY ORDERS' AND MOTION FOR RELIEF FROM JUDICIAL UNCERTAINTY [ECF NO. 441]; OBJECTION TO SYSTEMATIC DISCOVERY DENIAL PATTERN [ECF NO. 445]; MOTION TO TAKE JUDICIAL NOTICE OF EXHIBITS RELEVANT TO OBJECTION TO SYSTEMIC DISCOVERY DENIAL PATTERN [ECF NO. 446]; PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTION TO MAGISTRATE JUDGE'S ORDER [ECF NO. 456]; AND PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER DENYING MOTIONS AS MOOT [ECF-455] [ECF NO. 459]**

**A.    Legal Standard**

"[A] district court's review of any discovery-related decisions made by the magistrate judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure[.]" *Weeks v. Samsung*

*Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Pursuant to Rule 72(a), a party may file an objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen days. "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

**B.      Plaintiff's Objection to Magistrate Judge Order at ECF No. 427 [ECF No. 428]**

In the Plaintiff's Objection to Magistrate Judge's Order [ECF No. 428], the Plaintiff objects to Magistrate Judge Martin's August 27, 2025 Order, ECF No. 427, denying the Plaintiff's (1) Verified Motion to Compel ATF Defendants Wayne Lessner Bayne Bennett and Kyle Lerch to Produce Documents Requested and to Find Proper Resolution of Discovery Request, ECF No. 297; (2) Verified Petition for Subpoena(s) to Serve Discovery Request(s) upon a Non-Party, ECF No. 313, seeking to issue a subpoena to the ATF; and (3) Verified Petition to Resubmit Subpoena(s) to Serve Discovery Request(s) upon a Non-Party, ECF No. 352, seeking to issue a revised subpoena to the ATF.

In that Order, Judge Martin held:

> Because the claims against ATF Defendants Lessner, Bennett, and Lerch have been dismissed with prejudice, and the discovery requests and requested subpoenas relate to those claims, the motions are moot. If Plaintiff believes that some of the requested information is relevant to the remaining claims, he can seek leave to issue appropriately limited subpoenas to ATF, but he is reminded to be mindful of the limitations of his claims as set forth in the screening order, amended complaint, and the August 25, 2025 order.

Aug. 27, 2025 Ord., ECF No. 427.

Although the Plaintiff asserts that the requested discovery is related to claims pending against multiple Defendants, he does not designate any such claims or Defendants let alone

provide any analysis. Contrary to the Plaintiff's assertion, the Court finds no clear error. Thus, the Court overrules the Plaintiff's objection.

**C.    Plaintiff's Objection to Magistrate Judge Order at ECF No. 429 [ECF No. 441]**

On September 22, 2025, the Plaintiff filed an Objection to Magistrate Judge's Discovery Orders[] [ECF No. 441]. The Plaintiff includes an objection to Judge Martin's September 5, 2025 Order, ECF No. 429, denying the Plaintiff's Motion for Request of Transmission of Plaintiff's Criminal Post-Conviction Evidentiary Hearing Transcripts, ECF No. 358.

In that Order, Judge Martin held:

> Plaintiff does not identify what party to this action, if any, has possession of any transcripts from his state court criminal proceeding, nor the identity of any non-party who has them. The Court does not obtain discovery for parties and does not obtain transcripts from hearings conducted by other courts. Plaintiff's motion does not seek specifically identified relief which this Court can grant.

Sept. 5, 2025 Ord., ECF No. 429.

Nevertheless, the Plaintiff argues that Judge Martin erred because he did not take judicial notice of the transcripts pursuant to Federal Rule of Evidence 201(b). Because the Plaintiff's Motion for Request of Transmission does not contain a request for judicial notice of the transcripts, the Court finds no clear error. The Plaintiff also argues that the denial of his Motion for Request of Transmission prevents him from presenting relevant evidence. However, Judge Martin's holding contains no such restriction. Thus, the Court overrules the Plaintiff's objection.

**D.    Plaintiff's Objection to Magistrate Judge Order at ECF No. 433 [ECF No. 441]**

In the Plaintiff's Objection to Magistrate Judge's Discovery Orders, ECF No. 441, he also objects to Judge Martin's September 16, 2025 Order, ECF No. 433, denying the Plaintiff's two Verified Petitions for Subpoena(s) to Serve Discovery Request(s) upon a Non-Party, ECF Nos. 312, 356, which ask the Court to issue subpoenas to the South Bend Police Department.

The Plaintiff first objects because the Court dismissed Bennett under *Bivens*, while Bennett's employment status as employed by the ATF or the South Bend Police Department remains undetermined due to discovery denial. However, the Plaintiff is incorrect in that the Court did not dismiss Bennett under *Bivens*. *See* Aug. 25, 2025 Op. & Ord., ECF No. 426.

Next, the Plaintiff objects that, according to the Plaintiff, Judge Martin erred because the Plaintiff is entitled to the SWAT After Action Reports of every individual SWAT member who participated. As to this issue, Judge Martin held:

> [B]ecause all documents regarding the after-action debriefing have already been produced, he may not issue a subpoena requesting those documents. *See* [DE 53]. Also, to the extent that the documents requested have been produced by any other party or subpoena respondent, Plaintiff's request to issue a subpoena for those documents is duplicative and unnecessary.

Sept. 16, 2025 Ord. 2, ECF No. 433.

The Plaintiff explains that Judge Martin erred because the South Bend Police Department only produced a single report. The Plaintiff asserts that the following statement in an affidavit by Defendant Scott shows another report also exists:

> After the SWAT Team completed its assignment at the Rodriguez residence, it returned to the South Bend Police Department at which time we held an after-action de-briefing in which I participated. I reviewed the actions and tactics used by the SWAT Team in executing the Warrant and securing the Rodriguez residence on November 2, 2016.

ECF No. 71-4, p. 5 of 71. However, the Court finds that this statement does not indicate that Defendant Scott authored an individual report on the after-action debriefing or on his review of the actions and tactics used by the SWAT Team or that some other after-action report exists. As a result, the Court finds no clear error in Judge Martin's holding on the Plaintiff's request for the after-action reports from every SWAT Team member.

Accordingly, the Court overrules the Plaintiff's objection. Correspondingly, the Court denies as moot the additional relief the Plaintiff requested that stems from the objection. To the

extent the Plaintiff, based on the objection, also argues that there has been a due process violation under *Mathews v. Eldridge*, 424 U.S. 319 (1976), the Court need not address the argument because the Court has found no clear error in Judge Martin's decision. To the extent the Plaintiff argues that Judge Martin erred because his *Frakenhauser* analysis is incomplete, *see* ECF No. 445, pp. 4–5, the Plaintiff did not raise any argument about the *Frankenhauser* factors in his filings prior to Judge Martin's Order; thus, any such argument is waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000) ("[A]rguments not made before a magistrate judge are normally waived." (citation omitted)); *Huizar v. Experian Info. Sols., Inc.*, Nos. 4:22-CV-85, 4:22-CV-86, 4:22-CV-90, 2025 WL 830540, at *3 (N.D. Ind. Mar. 17, 2025) ("That waiver extends to arguments raised for the first time in objections to the magistrate's ruling." (citing *Haywood v. Baylor*, 804 F. App'x 401, 403 (7th Cir. 2020); *Maxwell v. S. Bend Work Release Ctr.*, No. 3:09-CV-8, 2010 WL 4318800, at *2 (N.D. Ind. Oct. 25, 2010))).

### E.    Plaintiff's Objection to Magistrate Judge Order at ECF No. 434 [ECF No. 445]

In the Plaintiff's Objection to Systematic Discovery Denial Pattern, ECF No. 445, filed on October 6, 2025, the Plaintiff objects to Judge Martin's September 17, 2025 Order, ECF No. 434, granting the Plaintiff's two Verified Petitions for Subpoena(s) to Serve Discovery Request(s) upon a Non-Party, ECF Nos. 315, 316, seeking to issue subpoenas to the Wabash Valley Correctional Facility and Elkhart County Indiana Sheriff's Office for tape recorded telephone calls between the Plaintiff and Monica Garza. The Plaintiff objects because Judge Martin granted discovery that is harmful to the Plaintiff without placing any restrictions or protective measures on the discovery. The Plaintiff's objection is not well-taken because the Plaintiff did not request any restrictions or protective measures in *his own* petitions that Judge Marting granted. Thus, the Court finds no clear error and overrules the objection.

**F.       Plaintiff's Objection to Magistrate Judge Order at ECF No. 435 [ECF No. 445]**

In the Plaintiff's Objection to Systematic Discovery Denial Pattern, ECF No. 445, the

Plaintiff also objects to Judge Martin's September 16, 2025 Order, ECF No. 435, granting the

Non-Party Elkhart County Prosecutor's Office's Motion to Quash Plaintiff's Request for

Production of Documents, ECF No. 337, and quashing without prejudice the subpoena issued to

the Elkhart County Prosecutor's Office, ECF No. 245. The Plaintiff objects to Judge Martin's

holding and footnote 1 in the September 16, 2025 Order.

In that Order, Judge Martin explained and held:

> Plaintiff sought discovery from the Elkhart County Prosecutor's Office
> relative to his arrest on November 2, 2016. The discovery sought was broad and
> encompasses claims that have now been dismissed with prejudice. Plaintiff also
> sought discovery which he has now received from other parties or subpoena
> respondents.
> Because the nature and extent of this case has altered substantially since the
> request to issue the subpoena was granted, the subpoena as issued is excessive,
> overbroad and not proportionate to the needs of this case, so will be quashed.
> Plaintiff should consider the current parameters of this case if he seeks leave to
> reissue another subpoena to the Elkhart County Prosecutor's Office.

Sept. 16, 2025 Ord. 1–2, ECF No. 435.

And footnote 1 to the Order reads:

> There is no provision in the Local Rules for a sur-reply or other additional briefing.
> A party may file a sur-reply only by leave of the Court, which requires "the showing
> of some factor that justifies a deviation from the rule." *Brunker v. Schwan's Home
> Serv., Inc.*, No. 2:04-CV-478, 2006 WL 3827046, *2 (N.D. Ind. Dec. 27, 2006)
> (citations omitted); *see also Goltz v. Univ. of Notre Dame du Lac*, 177 F.R.D. 638,
> 641-42 (N.D. Ind. 1997). Although Plaintiff is proceeding pro se, he is nonetheless
> expected to abide by the Local Rules. In this instance, the Court will not strike the
> improperly filed sur-reply, and considered it, but warns Plaintiff that future failures
> to abide by the rules may result in improperly filed documents being stricken.

*Id*. at 1 n.1. The Plaintiff objects to the footnote because Judge Martin "accepted Plaintiff's

unauthorized sur-reply without granting required leave under Local Rules, then warned against

future violations while allowing unauthorized arguments to influence substantive ruling." ECF No. 445, p. 8.

The Court finds no clear error in Judge Martin's holding or footnote. Thus, the Court overrules the Plaintiff's objection.

**G.    Plaintiff's Request for Judicial Notice [ECF No. 446]**

In the Plaintiff's Motion to Take Judicial Notice of Exhibits Relevant to Objection to Systematic Discovery Denial Pattern, ECF No. 446, he requests that the Court take judicial notice of two copies of Elkhart County Prosecuting Agreement contracts, which the Plaintiff asserts establish that he has been "deprived of obtaining discovery." However, the Plaintiff does not relate the purported information contained in the contracts to a claim in this case for which he attempted to obtain discovery. Thus, the Court denies the motion.

**H.    Relief Requested in the Plaintiff's Objection to Systematic Discovery Denial Pattern [ECF No. 445]**

To the extent that the Plaintiff requests relief in his Objection to Systematic Discovery Denial Pattern, ECF No. 445, based on his objections to ECF Nos. 427, 429, 433, 434, and 435, the Court denies the requested relief as moot because the Court has overruled those objections.

**I.    Plaintiff's Objection to Magistrate Judge Order ECF No. 455 [ECF No. 459]**

In the Plaintiff's Objection to Magistrate Judge's Order Denying Motions, ECF No. 459, the Plaintiff objects to Judge Martin's October 22, 2025 Order, ECF No. 455, denying as moot the motions at ECF Nos. 401, 410, and 414. Because ECF No. 414 is Maria Rodriguez's Pro Se Motion to Lift Stay for Limited Purpose of Considering Intervention by R.R., not the Plaintiff's, the Court need not address the Plaintiff's objection as to ECF No. 414. Moreover, the Court denied the motion at ECF No. 414 above in Part II.

As to ECF No. 401, Judge Martin held, "[The Plaintiff] filed a motion asking for a docket sheet [ECF 401]. That was unnecessary. If he wanted a docket sheet, he merely needed to send the clerk a letter asking for one. This is what happened when he later did just that. *See* [ECF 420 and 421]." Oct. 22, 2025 Ord., ECF No. 455. The Court finds no clear error.

ECF No. 410 is the Plaintiff's Motion to Lift Stay and for Relief Under Rule 60(b)(3). Judge Martin denied the Plaintiff's request to lift the stay as moot because the Court had lifted the stay in the August 25, 2025 Opinion and Order. Oct. 22, 2025 Ord., ECF No. 455. To the extent the Plaintiff objects because Judge Martin did not also address his request for relief under Rule 60(b)(3), Judge Martin did not make a clear error because the motion is dispositive. *See* 28 U.S.C. § 636. The Court has now addressed the Plaintiff's request for relief under Rule 60(b)(3) in Part V above.

Accordingly, the Court overrules the Plaintiff's objections. To the extent the Plaintiff also requested an extension of time to file his objections, the Court grants the extension with relief different than requested, granting the Plaintiff an extension until November 13, 2025—when the objection was filed—for good cause shown because the Plaintiff stated he did not have access to the law library for a period of time before the objections were due.

## CONCLUSION

Based on the foregoing, the Court hereby:

1. Sua sponte GRANTS summary judgment on the warrantless search of business claim in favor of Defendants Detective Stutsman, Randy Mockler, and Indiana State Police Officer Aaron Campbell and against the Plaintiff;

2. DENIES the Plaintiff's Motion for Extension of Time, Request for *Franks* Hearing and Response Brief Addressing Why Summary Judgment Should Not Be Granted to Defendants in Light of Evidence of Warrant for the Search [ECF No. 432];

3. DENIES Maria Rodriguez's Motion to Intervene as of Right or, in the Alternative, for Permissive Intervention [ECF No. 404];

4. DENIES Maria Rodriguez's Motion to Intervene as of Right or, in the Alternative for Permissive Intervention on Behalf of Minor R.R. [ECF No. 405];

5. DENIES Maria Rodriguez's Motion to Set Aside Case Stay and Allow Intervention Based on Newly Discovered Judicial Conflict of Interest [ECF No. 412];

6. DENIES Maria Rodriguez's Pro Se Motion to Lift Stay for Limited Purpose of Considering Intervention by R.R. [ECF No. 414];

7. DENIES as moot Maria Rodriguez's Alternative Motion for Appointment of Counsel for Minor R.R. [ECF No. 416];

8. DENIES the Plaintiff's Motion for Reconsideration Under Rule 59(e) Manifest Errors of Law and Overlooked Material Evidence [ECF No. 430];

9. DENIES the Plaintiff's Motion for Reconsideration Motion to Add Defendant Bayne Bennett [ECF No. 431];

10. DENIES the Plaintiff's Motion for Sanctions and Judicial Review [ECF No. 409];

11. DENIES the Plaintiff's Limited Discovery Requests [ECF No. 411];

12. DENIES the Plaintiff's Motion for Judicial Notice and Production of Court Records [ECF No. 423];

13. OVERRULES the Plaintiff's Objection to Magistrate Judge's Order [ECF No. 428];

14. OVERRULES the objections in the Plaintiff's Objection to Magistrate Judge's Discovery Orders [ECF No. 441];

15. DENIES as moot the Plaintiff's Motion for Relief from Judicial Uncertainty [ECF No. 441];

16. OVERRULES the objections in the Plaintiff's Objection to Systematic Discovery Denial Pattern [ECF No. 445];

17. DENIES as moot the relief requested in the Plaintiff's Objection to Systematic Discovery Denial Pattern [ECF No. 445];

18. DENIES the Plaintiff's Motion to Take Judicial Notice of Exhibits Relevant to Objection to Systematic Discovery Denial Pattern [ECF No. 446];

19. GRANTS with relief different than requested the Plaintiff's Motion for Extension of Time to File Objection to Magistrate Judge's Order [ECF No. 456]; and

20. OVERRULES the objections in the Plaintiff's Objection to Magistrate Judge's Order Denying Motions as Moot [ECF-455] [ECF No. 459].

The Court NOTES that the Amended Complaint remains pending only against Defendants Lt. Steve Spadafora and Officer Sheldon Scott in their individual capacities for compensatory and punitive damages for the Plaintiff's claim that they participated in the search of his home and in his arrest in violation of the Fourth Amendment.

SO ORDERED on December 22, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT