**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

ENEDEO RODRIGUEZ, JR.,

Plaintiff,

v.                                          CAUSE NO. 3:18-CV-899-TLS-JEM

SHELDON B. SCOTT, et al.,

Defendants.

**OPINION AND ORDER**

Enedeo Rodriguez, Jr., a prisoner without a lawyer, filed a motion asking to recuse Senior

Judge Theresa L.  Springmann under 28 U.S.C. § 455. ECF 479. "Under the recusal statute, any

judge of the United States shall disqualify himself in any proceeding in which his impartiality

might reasonably be questioned, 28 U.S.C. § 455(a), or when the judge has a specific

disqualifying circumstance listed in § 455(b)." *United States v. Walsh*, 47 F.4th 491, 499 (7th

Cir. 2022) (cleaned up). Under § 455(b)(1), a judge must recuse when, "[she] has personal bias

or prejudice concerning a party[.]" 28 U.S.C. § 455(b)(1).

Rodriguez says Judge Springmann should recuse under § 455(b)(1) because she

"presided over [his] federal criminal case [*United States v. Rodriguez*, 1:06-cr-60-5 (N.D. Ind.

filed November 15, 2006)] that imposed supervised release by assigning U.S. Probation

Department who in return participated in the joint multi-agency investigation [and] found reason

to violate supervised release on 11-16-16, prior to any guilty findings." ECF 479 at 3. He also

argues:

> Judge Springmann has already decided that Defendants entered the
> residence constitutionally, since the day Plaintiff's supervised release was violated,
> see exhibit -B, Plaintiffs pre-sentence report, page 7 of 11, concerning Federal case
> 06-CV-00060. Therefore, any further ruling or presiding over civil case would

> undermine what she has already ruled pertaining to Plaintiff's supervise release and the participation of Probation Department constituting an appearance of bias and prejudicial.

ECF 479 at 10.

> First, judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. *See United States* v. *Grinnell Corp.*, 384 U.S. at 583. In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required (as discussed below) when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible.

*Liteky v. United States*, 510 U.S. 540, 555 (1994).

Judge Springmann presided over Rodriguez's criminal trial a decade before the events at issue in this lawsuit. As explained in *Liteky*, that is not a basis for recusal. The United States Probation Office supervised Rodriguez when he was on probation but that was not an independent decision made by Judge Springmann – it was legally required as part of his criminal sentence. Rodriguez argues the Probation Office participated in a joint multi-agency investigation, but whatever role it may have had was independent of Judge Springmann. On November 16, 2016, the Probation Office notified the Court that Rodriguez had violated his parole and asked for an arrest warrant, but Judge Springmann did not participate in the decision to file that report or request. Her only connection to that filing was granting the government's motion to dismiss it. She did not issue a ruling in his criminal case finding that the entry of his

home was constitutional – nor was that question ever before her in that case. Rodriguez has not shown that Judge Springmann should recuse under § 455(b)(1).

The Seventh Circuit has "expressed doubts about recusal under § 455(a) when the more detailed provisions of § 455(b) clearly allow the judge to sit" but has also explained that "[t]he lack of a § 455(b) violation is instructive but not conclusive [because a]ffiliations that pose risks similar to those identified in § 455(b) may call for disqualification under § 455(a)." *In re Gibson*, 950 F.3d 919, 927 (7th Cir. 2019). When evaluating whether a judge's impartiality might reasonably be questioned, "the reasonable person under § 455(a) is well-informed about the surrounding facts and circumstances and not hypersensitive or unduly suspicious." *Id.* at 925 (cleaned up). The facts in this case show Judge Springmann presided over Rodriguez's federal criminal case two decades ago and that she dismissed a warrant request from the United States Probation Office. Rodriguez argues this would make a reasonable person question her impartiality to decide whether an unrelated law enforcement action violated his rights. It would not. A reasonable, well-informed person who was not hypersensitive or unduly suspicious would not believe Judge Springman was biased against Rodriguez based on these facts.

For these reasons, the motion for recusal (ECF 479) is DENIED.

SO ORDERED on March 20, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

3