**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

ENEDEO RODRIGUEZ, JR.,

        Plaintiff,

        v.                      CAUSE NO.: 3:18-CV-899-TLS-JEM

SHELDON B. SCOTT and STEVE
SPADAFORA,

        Defendants.

**OPINION AND ORDER**

This matter is before the Court on the pro se Plaintiff's Objection [ECF No. 480] to

Magistrate Judge John E. Martin's Order [ECF No. 466] Denying Motions DE-463 and 464.[1] For

the reasons discussed below, the Court overrules the Plaintiff's Objection.

"[A] district court's review of any discovery-related decisions made by the magistrate

judge is governed by Rule 72(a) of the Federal Rules of Civil Procedure . . . ." *Weeks v. Samsung*

*Heavy Indus. Co.*, 126 F.3d 926, 943 (7th Cir. 1997). Pursuant to Rule 72(a), a party may file an

objection to a magistrate judge's decision on a non-dispositive pretrial matter within fourteen

days. Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and

modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see*

*also* 28 U.S.C. § 636(b)(1)(A). "The clear error standard means that the district court can

overturn the magistrate judge's ruling only if the district court is left with the definite and firm

conviction that a mistake has been made." *Weeks*, 126 F.3d at 943.

The issue before this Court is whether the Magistrate Judge's order denying the

Plaintiff's request for an extension of time to disclose expert witnesses and his request that the

---

[1] The Defendants filed a response [ECF No. 490] on March 30, 2026.

Court appoint an expert witness was clearly erroneous or contrary to law. In this case, the

Magistrate Judge stated:

> Enedeo Rodriguez, Jr., a prisoner without a lawyer, filed a motion asking to extend the time for him to disclose expert witnesses [DE 463] and for the Court to appoint an expert witness [DE 464]. Both requests are based on his desire to present expert testimony related to his daughter's chronic medical symptoms which he believes were caused by a flash-bang grenade during his arrest. Rodriguez' daughter is not a party to this case and any injuries she may have suffered are not relevant to this lawsuit. *See* [DE 426] at 53–54.

Order, p. 1, ECF No. 466.

The Plaintiff objects to this ruling because, according to the Plaintiff, the Magistrate

Judge "misconstrued" the Plaintiff's motions because he did not "only" desire to present expert

testimony related to his daughter's chronic medical symptoms as he also requested expert

testimony on police practices. Pl. Obj. 7, ECF No. 480. The Plaintiff explains that "[t]he medical

expert would serve to establish the seriousness of what transpired on November 2, 2016 and the

causal connection of [the[ SWAT Team tossing a flash-bang device in the presence of a child."

*Id*. According to the Plaintiff, this is "to show the jury that the Defendants' and officers conduct

was unreasonable and excessive under the Fourth Amendment." *Id*. However, these additional

explanations were not included as arguments in the Plaintiff's motion and, therefore, were not

before the Magistrate Judge. "[A]rguments not made before a magistrate judge are normally

waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). "That waiver extends to

arguments raised for the first time in objections to the magistrate's ruling." *Huizar v. Experian*

*Info. Sols., Inc.*, No. 4:22-CV-85, 2025 WL 830540, at *3 (N.D. Ind. Mar. 17, 2025) (citing

*Haywood v. Baylor*, 804 F. App'x 401, 403 (7th Cir. 2020); *Maxwell v. S. Bend Work Release*

*Ctr.*, No. 3:09-CV-8, 2010 WL 4318800, at *2 (N.D. Ind. Oct. 25, 2010)).

**CONCLUSION**

Based on the foregoing, the Court hereby OVERRULES the Plaintiff's Objection [ECF No. 480] to Magistrate Judge John E. Martin's Order [ECF No. 466].

SO ORDERED on April 27, 2026.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
