**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| ENEDEO RODRIGUEZ, JR.,<br><br>Plaintiff,<br><br>v.<br><br>SHELDON B. SCOTT and LIEUTENANT STEVE SPADAFORA,<br><br>Defendants. | CAUSE NO.: 3:18-CV-899-TLS-JEM |

**OPINION AND ORDER**

On November 2, 2016, a search at the Indiana residence of Plaintiff Enedeo Rodriguez, Jr. occurred—which led to his arrest. Almost two years later, the Plaintiff, a prisoner without a lawyer, commenced the instant action on October 24, 2019, by filing a Complaint [ECF No. 2],[1] under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 against multiple local and federal law enforcement defendants—claiming violations of his Fourth and Fourteenth Amendment rights for providing false information to a federal magistrate judge who issued the warrant to search his residence for drug trafficking evidence, searching his business without a warrant, and executing the searches in an unreasonable manner. The evidence obtained from the residential search ultimately led to the Plaintiff's arrest and felony convictions in Indiana state court for dealing in methamphetamine and corrupt business influence.

[1] The Seventh Circuit Court of Appeals has explained "that a pro se prisoner's legal documents are considered filed on the date that they're tendered to prison staff in accordance with reasonable prison policies, regardless of whether they are ultimately mailed or uploaded." *Taylor v. Brown*, 787 F.3d 851, 859 (7th Cir. 2015). In this case, the Court uses October 24, 2018, as the date the Complaint in this case was filed because it is the date the Plaintiff signed the Complaint and it is the date Defendants Scott and Spadafora use. The Court notes the Complaint was docketed on November 5, 2018. *See* ECF No. 2.

On January 22, 2020, in accordance with 28 U.S.C. § 1915A, the Court screened the Complaint and dismissed the federal law enforcement Defendants (the agents with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)) among other Defendants and authorized the Plaintiff to proceed against Defendant Nick McCloughen (an Indiana state law enforcement defendant) in his individual capacity for money damages for conducting an unreasonable search of the Plaintiff's home on November 2, 2016, in violation of the Fourth Amendment. Jan. 22, 2020 Op. & Order, ECF No. 21. The case proceeded through discovery and resulted in summary judgment for Defendant McCloughen. Feb. 8, 2022 Op. & Order, ECF No. 106.

The Plaintiff appealed, and the Seventh Circuit Court of Appeals issued two decisions, affirming summary judgment as to Defendant McCloughen but otherwise vacating the judgment and remanding the proceedings. *See Rodriguez v. McCloughen*, 49 F.4th 1120 (7th Cir. 2022); *Rodriguez v. McCloughen*, No. 22-1259, 2022 WL 4534787 (7th Cir. Sept. 28, 2022). The Seventh Circuit reversed the dismissal of the Plaintiff's Fourth Amendment claims against several federal, state, and county officers involved in a joint federal and state investigation into the Plaintiff for violations of narcotics laws. *See Rodriguez*, 2022 WL 4534787, at *3–4.

In accordance with the Seventh Circuit's decisions, on December 12, 2022, this Court granted the Plaintiff leave to amend his complaint. Dec. 12, 2022 Op. & Ord., ECF No. 135. And the Plaintiff filed an Amended Complaint [ECF No. 136] on January 6, 2023.

On April 6, 2023, pursuant to 28 U.S.C. § 1915A, the Court screened the Amended Complaint and granted the Plaintiff leave to proceed against: (1) Defendant Wayne Lessner (ATF agent) in his individual capacity for compensatory and punitive damages for the claim that Lessner falsified the search warrant application and participated in the search of the Plaintiff's home in violation of the Fourth Amendment; (2) Defendants Lt. Steve Spadafora and Officer

Sheldon Scott in their individual capacities for compensatory and punitive damages for the claim that they participated in the search of the Plaintiff's home and in his arrest in violation of the Fourth Amendment; and (3) Defendants Detective Stutsman, Randy Mockler, Indiana State Police Officer Aaron Campbell, and ATF Agents Bayne Bennett and Kyle Lerch in their individual capacities for compensatory and punitive damages for the claim that they conducted a warrantless search of the Plaintiff's business in violation of the Fourth Amendment. Apr. 6, 2023 Op. & Order, ECF No. 141.

On August 14, 2023, Defendants Bennett, Lerch, and Lessner filed a Joint Motion to Dismiss [No. 187]. The Plaintiff filed a response [ECF No. 229] on December 20, 2023, and the Defendants filed a reply [ECF No. 236] on January 10, 2024.

On March 7, 2024, the Plaintiff filed a first Verified Motion to Add Bayne Bennett as the Unknown Defendant Who Threw a Flash Bang Device in the Presence of a Child [ECF No. 291], to which he attached Exhibits 1–4, *see* ECF No. 291-1. Defendant Bayne Bennett filed a response [ECF No. 309] on March 26, 2024, highlighting that the Plaintiff had not attached a proposed second amended complaint to his motion, and the Plaintiff filed a reply [ECF No. 328] on April 8, 2024. Also, on April 8, 2024, the Plaintiff filed a second Plaintiff's Verified Motion to Add Bayne Bennett as the Unknown Defendant Who Threw a Flash Bang Device in the Presence of a Child [ECF No. 329] with the proposed second amended complaint attached.

On May 20, 2024, this case was stayed and statistically closed for the Court to fully review and justly rule on what was then sixteen pending motions. May 20, 2024 Order, ECF No. 376. On January 30, 2025, the case was reassigned to the undersigned. Jan. 30, 2025 Order, ECF No. 394.

On August 25, 2025, the Court entered an Opinion and Order [ECF No. 426]: (1) lifting the stay of these proceedings; (2) granting the Joint Motion to Dismiss [ECF No. 187] by Defendants Kyle Lerch, Wayne Lessner, and Bayne Bennett, dismissing with prejudice the claims (a) against Defendant Wayne Lessner in his individual capacity for compensatory and punitive damages for falsifying the search warrant application and participating in the search of the Plaintiff's home in violation of the Fourth Amendment and (b) against Defendants Bayne Bennett and Kyle Lerch in their individual capacities for compensatory and punitive damages on the Plaintiff's claim that they conducted a warrantless search of his business in violation of the Fourth Amendment; (3) ordering the Plaintiff to file by September 22, 2025, a summary judgment response brief addressing why summary judgment should not be granted for Defendants Detective Stutsman, Randy Mockler, and Indiana State Police Officer Aaron Campbell on the claims for compensatory and punitive damages for conducting a warrantless search of the Plaintiff's business in violation of the Fourth Amendment in light of the evidence of a warrant for the search; (4) setting a deadline of October 6, 2025, for Defendants Detective Stutsman, Randy Mockler, and Indiana State Police Officer Aaron Campbell to file a reply, if any, in support of summary judgment on the Fourth Amendment claim against them for a warrantless search of the Plaintiff's business; (5) denying as moot the Plaintiff's first Verified Motion to Add Bayne Bennett as the Unknown Defendant Who Threw a Flash Bang Device in the Presence of a Child [ECF No. 291]; and (6) denying the Plaintiff's second Verified Motion to Add Bayne Bennett as the Unknown Defendant Who Threw a Flash Bang Device in the Presence of a Child [ECF No. 329].

On December 22, 2025, the Court entered an Opinion and Order [ECF No. 460], as is most relevant, sua sponte granting summary judgment on the warrantless search of business

claim in favor of Defendants Detective Stutsman, Randy Mockler, and Indiana State Police Officer Aaron Campbell and against the Plaintiff.

On March 26, 2026, Defendants Scott and Spadafora filed the pending Motion for Summary Judgment [ECF No. 486].

On May 26, 2026, the Plaintiff filed the Plaintiff's Supplemental Motion to Stay Proceedings [ECF No. 505], requesting a stay of the instant proceedings because he has been placed in restrictive housing and does not have access to adequate lighting in his current housing or access to his property. On June 18, 2026, the Court entered an Order [ECF No. 512] denying the motion.

On June 1, 2026, the Court entered an Order [ECF No. 508] sua sponte setting deadlines for the Plaintiff's response brief to the Defendants' Motion for Summary Judgment and the Defendants' reply brief, as to the issue of the Plaintiff's remaining claims against Defendants Scott and Spadafora being barred by the statute of limitations because, if so barred, the issue would be dispositive.

On June 24, 2026, the Plaintiff filed the Motion to Reconsider and Response to Court's Order [DE-512] [ECF No. 515].

On July 8, 2026, the Plaintiff filed a Motion for Extension of Time [ECF No. 516], requesting a 30-day extension to respond to the Defendants' Motion for Summary Judgment [ECF No. 486], which the Court granted in the Order [ECF No. 519] entered on July 20, 2026.

Before the Court is the Defendants Scott and Spadafora's Motion for Summary Judgment [ECF No. 486]. At issue is whether the statute of limitations bars the Plaintiff's only remaining claim, which is the federal constitutional claim under 42 U.S.C. § 1983 against Defendants Scott and Spadafora in their individual capacities for compensatory and punitive damages for their

participation in the search of his home and in his arrest in violation of the Fourth Amendment. Am. Compl., ECF No. 136; Apr. 4, 2023 Op. & Order, ECF No. 141. The Defendants' Motion for Summary Judgment is fully briefed. *See* ECF Nos. 486–89, 520, 521. For the reasons set forth below, the Court grants the Defendants' Motion for Summary Judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant may discharge this burden by "either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." *Hummel v. St. Joseph Cnty. Bd. of Comm'rs*, 817 F.3d 1010, 1016 (7th Cir. 2016) (citation omitted). In response, the non-movant "must make a sufficient showing on every element of his case on which he bears the burden of proof; if he fails to do so, there is no issue for trial." *Yeatts v. Zimmer Biomet Holdings, Inc.*, 940 F.3d 354, 358 (7th Cir. 2019) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). In ruling on a motion for summary judgment, a court must construe all facts and draw all reasonable inferences in the light most favorable to the nonmoving party. *Id.* (citation omitted). A court's role "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citations omitted).

## MATERIAL FACTS[2]

The Plaintiff filed his Complaint on October 24, 2018, which is based on the date the Plaintiff signed the Complaint. Compl. ECF No. 2-1. At that time, the Plaintiff did not name Defendant Scott or Defendant Spadafora as defendants in this suit. *See id*. Instead, he named the following Defendants: ATF UC 3749, Elkhart County ICE Unit, ICE UC 323, Nick McCloughen, Kyle Lerch, Bayne Bennett, Aaron Campbell, Elkhart County Sheriff Dep't, ECSD SWAT, Det. Stutsman, Randy Mockler, DEA-6, Indiana State Police, and Southbend [sic] SWAT. *Id*., p. 2.

On January 22, 2020, the Court issued its screening order granting Plaintiff leave to proceed against Detective Nick McCloughen and dismissing all other claims and defendants. Jan. 22, 2020 Op. & Order, ECF No. 21, p. 6.

On February 3, 2020, the Plaintiff sought leave to amend his complaint to add claims against Wayne Lessner (ATF UC 3749), Brian Shroth (EC-ICE UC 323), and "officer Andrew Whitmeyer." ECF No. 23, p. 1. The Court denied Plaintiff's motion on February 11, 2020. Feb. 11, 2020 Op. & Order, ECF No. 24.

On March 3, 2020, the Plaintiff again sought to amend his complaint, this time to name his daughter as an additional plaintiff and to name ATF agent Wayne Lessner, Elkhart Police Department officer Andrew Whitmyer, and the Elkhart Police Department as new defendants. ECF No. 28, pp. 1–2.

---

[2] These material facts are taken from the Defendants' statement of facts only to the extent they are supported by the cited evidence of record. Although the Plaintiff did not file a Response to the Defendants' Statement of Material Facts or Additional Material Facts as set forth in Northern District of Indiana Local Rule 56-1(b) and as are relevant to the issue of the statute of limitations, in the interest of deciding the case on the merits, the Court also considers all facts offered by the Plaintiff that are supported by a citation to evidence.

On April 13, 2020, the Plaintiff filed a new motion to amend his complaint, seeking to again name his daughter as an additional plaintiff and to state claims against new defendants Wayne Lessner, Elkhart Police Department, Andrew Whitmyer, and "South Bend SWAT commander . . . Lieutenant Spadasora" in his "official capacity." ECF No. 30, p. 1. The Court denied the motions on March 4, 2021. Mar. 4, 2021 Op. & Order, ECF No. 33-1.

Approximately one year later, and after summary judgment was entered in favor of Defendant McCloughen, the Plaintiff appealed the Court's denial of his motions to amend to the Seventh Circuit Court of Appeals. *See* ECF No. 132-1.

Following his appeal, the Plaintiff filed an Amended Complaint on January 6, 2023. Am. Compl., ECF No. 136. In the Amended Complaint, the Plaintiff named Sheldon B. Scott and Lieutenant Steven Spadafora as defendants, among others, in this case. *See id.*

The Plaintiff testified that he did not know anything about Defendant Spadafora or Defendant Scott prior to 2021. Def. Ex. F, p. 56, ECF No. 488-6. He also testified that he sued Defendant Spadafora in 2023 because "the affidavit he presented in McCloughen's summary judgment" in October 2021 led the Plaintiff to believe Defendant Spadafora was the "commanding officer." *Id.*, pp. 56–58.

On April 6, 2023, the Court issued its screening order finding that the Amended Complaint "states a Fourth Amendment claim against Lt. Spadafora and Officer Scott" for planning and supervising "the no-knock entry even if there was no exigency, making the simultaneous breaking down of a door and windows and blind use of a flash-bang grenade unreasonable." Apr. 6, 2023 Op. & Order, ECF No. 141, p. 11. It granted the Plaintiff leave to proceed against "Lt. Steve Spadafora and Officer Sheldon Scott in their individual capacities for

compensatory and punitive damages for his claim that they participated in the search of his home and in his arrest in violation of the Fourth Amendment." *Id.*, p. 16.

**ANALYSIS**

The Plaintiff's claims against Defendants Spadafora and Scott are brought under 42 U.S.C. § 1983 for participating in the search of his Indiana residence and in his arrest in violation of the Fourth Amendment. The Defendants seek summary judgment on the basis that the claims are barred by the statute of limitations. When determining the statute of limitations for claims brought under 42 U.S.C. § 1983, federal courts apply the forum state's statute of limitations for personal injury claims. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). In Indiana, the applicable statute of limitations period is two years. *Id.* (citing Ind. Code § 34-11-2-4). Although state law supplies the tolling rules, the accrual of § 1983 claims is governed by federal law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Accrual of § 1983 claims occurs "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Id*. (cleaned up). In other words, "a personal injury claim raised under § 1983 accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Regains v. City of Chicago*, 918 F.3d 529, 533 (7th Cir. 2019) (quoting *Serino v. Hensley*, 735 F.3d 888, 591 (7th Cir. 2013)).

Here, it is undisputed that the search and arrest at the Plaintiff's Indiana residence leading to his alleged injury, which is the basis of this action, occurred during November 2, 2016. To bring a § 1983 claim against Defendants Spadafora and Scott, the Plaintiff was required to file his complaint against them within two years of his alleged injury, which was by November 2, 2018. However, he did not move to add "Lieutenant Spadasora" as a Defendant until April 13,

2020, and he did not file the Amended Complaint naming Defendants Spadafora and Scott until January 6, 2023, well after the statute of limitations had expired.

Federal Rule of Civil Procedure 15(c) allows an amendment to relate back to the date of the original complaint under limited circumstances. *See* Fed. R. Civ. P. 15(c)(1). When the amendment adds a defendant, the amended pleading relates back to the date of the original pleading only if the party to be added: "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, *but for a mistake* concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). "A mistake is an error, misconception, or misunderstanding; an erroneous belief." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 548 (2010) (cleaned up). The Seventh Circuit Court of Appeals "has previously recognized that Rule 15(c)'s 'mistake' clause does not apply when the plaintiff 'simply lacks knowledge of the proper defendant.'" *Herrera v. Cleveland*, 8 F.4th 493, 496 (7th Cir. 2021) (quoting *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596–97 (7th Cir. 2006)).

Here, as argued by the Defendants, the Plaintiff did not make a mistake as to the name of Defendant Spadafora or Defendant Scott. Rather, as highlighted by the Defendants, the Plaintiff testified that he did not know anything about Defendant Spadafora or Defendant Scott prior to 2021. Def. Ex. F, p. 56. And the only other evidence that the Plaintiff points to is that he filed a motion for leave to amend his complaint in April 2020 naming Lieutenant Spadasora, meaning Lieutenant Spadafora, which was still almost a year and a half after the limitations period expired. Thus, the Court finds that the Plaintiff not naming Defendants Spadafora and Scott within the limitations period was because he simply lacked knowledge about them, which is not a "mistake" for purposes of relation back under Rule 15(c). *See Hall*, 469 F.3d at 596 ("It is the

plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'"). Therefore, the Plaintiff's claims against Defendant Spadafora filed in April 2020 and January 2023 and against Defendant Scott filed in January 2023 do not relate back to the filing of the original Complaint—undisputedly filed on October 24, 2018—and are barred by the statute of limitations, which expired on November 2, 2018. As a result, the Court need not address the parties' additional arguments on whether the claims against Defendants Spadafora and Scott relate back to the original Complaint.

Because the Court finds that the Plaintiff's inability to amend prior to the expiration of the statute of limitations was caused by him waiting until a week before the limitations period ended to file his original Complaint, the Court need not address his tolling arguments as he also does not provide evidence showing any of his specific efforts before the limitations period ended. *See Scruggs v. Mangold*, No. 3:18-CV-758, 2021 WL 960667, at *2 (N.D. Ind. Mar. 15, 2021) ("Mr. Scruggs's inability to amend prior to the expiration of the statute of limitations was not caused by the defendants or the court. It was caused by him waiting a year after he exhausted his administrative remedies to file suit and waiting several months to initiate discovery."). And the Court does not address the Plaintiff's frivolous argument that the Defendants waived the statement of limitations affirmative defense because they raised it in their Answer and Amended Answer. *See* ECF Nos. 179, 203.

Accordingly, the Court grants the motion for summary judgment because the statute of limitations bars the claims against Defendants Spadafora and Scott.

**CONCLUSION**

For the reasons set forth above, the Court hereby GRANTS the Defendants' Motion for Summary Judgment [ECF No. 486].

Because the Plaintiff has filed his summary judgment response brief as to the issue of whether the statute of limitations bars his claims against Defendants Spadafora and Scott and there are no more claims remaining between the parties, the Court DENIES as moot the Plaintiff's Motion to Reconsider and Response to Court's Order [DE-512] [ECF No. 515], requesting that the Court stay the instant case.

There being no claims remaining between any parties, the Court DIRECTS the Clerk of Court to ENTER FINAL JUDGMENT stating:

> Final judgment is entered in favor of Defendants Detective Stutsman, Randy Mockler, and Indiana State Police Officer Aaron Campbell on the federal warrantless search of business claim in violation of the Fourth Amendment and against the Plaintiff Enedeo Rodriguez, Jr., *see* Dec. 22, 2025 Op. & Order, ECF No. 460, and on the federal claim against Defendants Lieutenant Steve Spadafora and Officer Sheldon B. Scott in their individual capacities for compensatory and punitive damages for participating in the search of the Plaintiff's home and in his arrest in violation of the Fourth Amendment and against the Plaintiff Enedeo Rodriguez, Jr. as set forth in this Opinion and Order. The Plaintiff Enedeo Rodriguez, Jr., takes nothing on the claims in the Amended Complaint.

SO ORDERED on November 4, 2026.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT